GEORGE A. LYNDE *vs.* CITY OF ROCKLAND.

Knox, 1876.—December 13, 1876.

### *Town.*

No action can be maintained against a city or town for the unlawful acts of its health committee or other officers in taking possession of a house and using it for a small pox hospital without the consent of the owner and without legal authority.

If the acts and facts specifically alleged in a declaration in case against a city or town show that the ground of action is a tort by its officers in the performance of a public duty imposed by the laws of the state, for a failure or misfeasance in which no statute gives a right of action against the corporation the declaration will be bad on demurrer.

For the use of a building as a small-pox hospital under a contract between the municipal officers and the owner, or where it is impressed under a warrant from two justices of the peace in accordance with R. S., c. 14, the owner should sue the corporation in assumpsit.

CASE, set out in the declaration as follows :

"For that on the twenty-eighth day of May, 1872, the plaintiff was the owner and proprietor of a new, spacious and commodious hotel, situated in Rockland, in the county of Knox, called the Lynde hotel, and was doing therein a large, lucrative and increasing business with great profit to himself in accommodating a large traveling public from all parts of the country as guests, and on said twenty-eighth day of May, aforesaid, the said defendants by their health committee, and their agents and officers of the said city of Rockland duly authorized therefor, took possession of said hotel against the wishes and remonstrance of the said plaintiff and maintained the control of said Lynde hotel for the space of thirty days, through and during said time used it for a pest house and hospital for divers persons sick and infected and believed by them to be sick and infected with the infectious and terrible disease, called small pox, and maintained and kept said persons so infected and sick with the small pox in the rooms of said hotel thereby endangering the lives and health of the said plaintiff, his wife and family, and inmates of said hotel, and put them in imminent and immediate peril and great terror and destroyed the business, reputation and character of said hotel for all time to come.

And the plaintiff further says that at no time was there any person in his said hotel so sick with said disease but could have been removed therefrom without any danger to his or their health, and that the defendants had due and proper notice of the existence of said small pox in his hotel as soon as it came to the knowledge of him the said plaintiff and he urged the defendants to remove said persons if sick with said disease without delay, and that said defendants refuse so to do ; and at the time the defendants took charge of said persons in said hotel for the purposes aforesaid, the said defendant put up a red flag at the corner of said hotel and warned the public in the most public and extensive manner that said hotel contained persons in it sick with said disease and placed a guard around said hotel to prevent people from entering the same ; and that said defendants used and destroyed a large amount of personal property in and around said hotel, and to the furniture and

rooms of said hotel. And the plaintiff avers that he was put to great expense in cleaning and placing said hotel in suitable condition to receive guests, from the effects of said small pox. The said defendants wholly neglected to do so, nor did they in any manner leave said hotel safe for the plaintiff, his family or future guests.

. And the plaintiff further says that the damage to his business from that time to the present, and in the future, to said hotel, and for the use of the same by the said defendants as a pest house, and for the injury, suffering and expense of himself and family amounts to thirty thousand dollars, to the damage of the said George A. Lynde (as he saith) the sum of thirty thousand dollars."

Upon the reading of the writ, a question arose whether the action could be maintained, even if all the facts alleged were proved to be true; whereupon the case was taken from the jury by consent and submitted to the full court to determine the question of law. If the action can be maintained upon proof of all the facts contained in the declaration, then it is to stand for trial; otherwise a nonsuit is to be entered.

*J. Baker*, for the plaintiff.

The only question for the court to decide is, "whether the action is maintainable, if all the facts alleged were proved."

I. The title of the plaintiff to the hotel property, his business and the nature of the damages he has sustained are all set out in full in the writ; and we presume no question will be made on these points.

II. The only other question is, whether the defendants are liable under the circumstances set forth in the writ. These allegations are that "the defendants by their health committee and their officers and agents duly authorized therefor, took possession of said hotel and held it thirty days, and used it as a pest house and hospital."

The words, "health committee and the officers and agents of the city," would include the health committee, the municipal officers, or a board of health, either and all of them. They were "duly authorized therefor." Then the question is reduced to this, can any officers of the city, acting within the scope of their official duties, as defined by the laws of the state, bind the city to pay rent or

damages or both, by taking possession of private buildings for a hospital for small pox patients.

We maintain that they can, under R. S., c. 14, §§ 1, 24, 29 and 30.

All the cases that have been decided in this state involving rights in cases of small pox, are grounded on the principle that such liability exists ; and the reason why such suits against cities and towns have not prevailed, was because the officers of the cities and towns exceeded their authority. *Mitchell* v. *Rockland*, 41 Maine, 363. *Same* v. *Same*, 45 Maine, 496. *Same* v. *Same*, 52 Maine, 118. *Pinkham* v. *Dorothy*, 55 Maine, 135, 138. *Kellogg* v. *St. George*, 28 Maine, 255. *Kennebunk* v. *Alfred*, 19 Maine, 221.

The allegations in this writ, if proved would show that the city authorities and officers found persons too sick to be removed and so kept them where they were in the hotel thirty days, as a hospital.

If there is any inconsistency in the declaration, it is amendable, and the case should be sent back to the trial court that the amendment may be made and the case tried.

It will be very remarkable if city authorities, acting within the scope of their official duties as defined by law, can take private property for public uses without any compensation, in direct violation of the constitution ; for it is very certain, officers of the city, if they keep within the law, are not personally liable.

*A. P. Gould & J. E. Moore* with *T. P. Pierce*, city solicitor, for the defendants.

This is an action of tort. There is no allegation of a promise. If maintained at all, it must be *secundum allegata*. It is presented upon a parol demurrer ; the presiding justice considering that the action could not be maintained if all the allegations in the writ were proved, and that therefore it was not worth while to put it to trial.

The action is based upon charges of tortious, or wrongful acts of the health committee of the city ; and the question is, whether if these allegations are true, the city can be held accountable in an action for damages.

The action is based in a misconception of the character of a health committee of a city. They are not the agents or servants of the city, but of the state at large, or the public.

Though chosen by the city, it is not for the special benefit of that particular municipality; but their office is public, and their duties are to the community at large. They are elected by the city in obedience to a statute of the state to perform a public service, in which the town or city has no peculiar interest, and from which it derives no special benefit in its corporate capacity. Such an officer cannot be regarded as the servant or agent of the city; and the defendants cannot, therefore, be held liable, either for the misconduct of the committee, whether willful or otherwise, or for their negligence or want of skill in the performance of their duty. *Mitchell* v. *Rockland*, 41 Maine, 363. *Same* v. *Same*, 45 Maine, 496. *Same* v. *Same*, 52 Maine, 118.

The law on the precise question now to be decided, is fully and clearly stated in the last report, (52 Maine, 118) commencing on p. 121.

The reasoning and authorities cited on pp. 121, 122, 123 and 124, are a complete answer to the declaration in the writ in this case.

It is there held that neither the relation of master and servant, nor that of principal and agent, exists between the health committee or police officers chosen by a town or city in pursuance of the requirements of the statute, and the municipal corporation to which they owe their election; that the duties of a health committee are public, and not to the inhabitants of that city alone, and not to the city in any respect in its municipal capacity; and that no action can be maintained against the city for any injuries caused by the negligence, or the tortious or unlawful acts of the committee. The committee may be individually liable for such acts, but where there has been a neglect of a public duty by such a public officer, for which no right of action has been provided by statute, the party aggrieved can maintain no action against the municipal corporation by which the officer is appointed. *Walcott* v. *Swampscott*, 1 Allen, 101. *Hafford* v. *New Bedford*, 16 Gray, 297. *Buttrick* v. *Lowell*, 1 Allen, 172.

Municipal corporations created by the legislature for purposes

of public policy, are subject by the common law to an indictment for the neglect of duties enjoined upon them, but are not liable to an action for such neglect unless the action is given by some statute. *Mower* v. *Leicester*, 9 Mass., 247. *Adams* v. *Wiscasset Bank*, 1 Maine, 361. *Farnum* v. *Concord*, 2 N. H., 392. *Bigelow* v. *Randolph*, 14 Gray, 541. *Eastman* v. *Meredith*, 36 N. H. 284. *Brown* v. *South Kennebec Agricultural Society*, 47 Maine, 275.

No words are used to signify that the defendants promised, or in any manner undertook to pay for the use of the hotel after having first been taken possession of by lawful authority.

BARROWS, J. The case is presented upon a report with this stipulation : "if the action can be maintained upon proof of all the facts contained in the declaration, then it may stand for trial; otherwise, a nonsuit is to be entered." The plaintiff insists that the action is maintainable upon the strength of the allegation that "the said defendants by their health committee, and their agents and officers of the said city of Rockland, duly authorized therefor, took possession of said hotel against the wishes and remonstrance of the said plaintiff, . . . and used it for a pest house and hospital" for small pox patients ; that the question is whether any of the officers of a city, acting within the scope of their official duties as defined by the laws of the state, can bind the city to pay rent or damages by taking possession of a house and using it for a hospital for small pox patients ; and that under various provisions of R. S., c. 14, they have that power.

But in order to reach his position the plaintiff's counsel ignores the specific allegation in the writ, of facts which preclude us from considering the case as one of contract between the plaintiff and the city acting through its lawfully authorized agents and officers, or as one in which the plaintiff's house was lawfully impressed for use as a hospital by application to two justices, so as to give the owner a right to the "just compensation to be paid by the city or town," under the provisions of the chapter to which he refers.

If the plaintiff had a case which would authorize a recovery from the city upon either of these grounds, he should have sued in

assumpsit with the proper averments to establish the legal liability of the city to pay the rent or just compensation.

But it is impossible to construe the declaration before us except as one of trespass on the case in which the plaintiff seeks to hold the city responsible for alleged wrongful acts of the officers elected by it to perform certain duties imposed by the laws of the state. That no action against the city can be maintained upon such facts as are here alleged must be regarded as settled law in this state. The reasons and authorities are so fully set forth in *Mitchell* v. *Rockland*, 52 Maine, 118, 121, 125, that further discussion would be superfluous. See also Dillon on Municipal Corporations, § 772.

The allegation that the acts of the health committee and officers of the city were "against the wishes and remonstrance" of the plaintiff puts an end to any pretense of a contract between the parties.

The averments "that at no time was there any person in his said hotel so sick with said disease but could have been removed therefrom without any danger to his health," and that the plaintiff "urged the defendants to remove said persons if sick with said disease without delay," if established, would show that the officers were acting in excess of any authority conferred upon them by chapter 14; because no power is given by that chapter to the officers of a town or city to impress any building for a hospital—that power being conferred only upon two justices of the peace.

Section twenty-nine relates only to a provision to be made by the municipal officers, in the ordinary mode, by contract. The declaration in the plaintiff's writ precludes the idea of any act or contract of the officers of the city for or upon which the city could be liable.

Herein the case differs from *C. & O. Canal Corp.* v. *Portland*, 62 Maine, 504, in which the defendants were charged with doing, by their servants and agents, acts which for aught that appears in that declaration might have been done in the assertion of some supposed corporate right, and for the doing of which, under the direction of the municipal officers, the corporation might properly be held responsible according to the doctrines laid down by Judge Dillon, *ubi supra*, and by Shaw, C. J., in the case of *Thayer* v. *Boston*, 19 Pick, 511.

The distinction between this latter case, where the city claimed to be owners in fee of the land upon which the acts were done of which the plaintiff complained, and such cases as *Mitchell* v. *Rockland*, and the case at bar, is too well marked to require further discussion here.

Plaintiff's counsel suggests an amendment eliminating certain averments incompatible with the maintenance of the action against the city. To allow it would be contrary to the stipulation upon which the case is reported. The proposition comes too late. If such an amendment were consistent with the actual facts, it should have been proposed when the case was before the court at *nisi prius.*                                        *Plaintiff nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.