# COATES *v.* DISTRICT OF COLUMBIA.

MUNICIPAL CORPORATIONS; NEGLIGENCE; GOVERNMENTAL FUNCTION; HEALTH DEPARTMENT; DISINFECTING DAIRIES.

1. There are two kinds of powers and duties with which municipal corporations are charged,—the one being merely municipal for special local purposes and benefits, the other of a public or governmental character for the general public welfare. For negligence in the performance of the former there is liability; for negligence of agents in the performance of the latter there is no liability. (Citing *Brown* v. *District of Columbia*, 29 App. D. C. 273, 25 L.R.A.(N.S.) 98, and *District of Columbia* v. *Tyrrell*, 41 App. D. C. 463.)

2. The duties imposed upon the health department of the District of Columbia are public and governmental in their nature.

3. The disinfection of a dairy supplying milk to the residents of the District of Columbia is a governmental function of the District health department; and the District is not liable for the loss of cows resulting from negligence in its performance.

4. As to whether the District of Columbia could be held liable for the negligence of its health department in disinfecting a dairy in Maryland, which supplies milk to the residents of the District, the District officers having no powers beyond its limits—*quære.*

No. 2630. Submitted March 6, 1914. Decided April 6, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to the declaration in an action to recover damages for injury to property alleged to have been caused by the negligence of the agents and employees of the defendant, and the plaintiff electing not to amend, dismissing the action.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

The declaration of the plaintiff, Leonard R. Coates, appellant, against the District of Columbia, claimed damages upon the following allegations: That plaintiff is a farmer living in Prince George's county, in the state of Maryland, possesses a herd of cows and maintains a dairy. That under a license from the health officer of the District of Columbia he has carried on a large and profitable business in supplying milk to customers in said District. That he has complied with all regulations of the health department, whereunder his dairy and farm have been constantly inspected by the said department. That under said rules and regulations the plaintiff, "by reason of conditions existing during the period first hereinbefore mentioned, was compelled to submit to the disinfecting of the stable or barn on his said farm to be occupied by his herd of cows." That in the prosecution of the work of disinfection, carried on between December 11, 1911, and January 6, 1912, by the employees and agents of the said department, the same was improperly and negligently done. That with gross carelessness and negligence, and despite the protest of plaintiff, the floors, walls, and ceilings of his said barn were sprinkled and saturated with bichloride of mercury, in consequence of which the plaintiff's whole herd of seventy-five healthy milk-producing cows were ruined through mercurial poisoning.

That he had to expend $250 to eradicate the poison of mercury with which his said barn had been so negligently saturated, and has sustained other damages, in all amounting to $12,033.22, for which he brings his suit. Defendant demurred

to this declaration on the ground that the employ'ees of the health department of the District were engaged in the performance of a governmental function for which the defendant is not liable. The demurrer was sustained. Plaintiff elected not to amend his declaration and his action was dismissed.

*Mr. F. P. B. Sands,* for the appellant:

1. The functions and duties of this corporation are purely ministerial. *Rochester Wh. Lead Co.* v. *Rochester,* 3 Comstock, 166; *Weightman* v. *Washington,* 1 Black, 39; *Lowell* v. *R. R. Co.* 23 Pick. 24; *Chicago* v. *Robbins,* 2 Black, 418; *Storrs* v. *Utica,* 17 N. Y. 105; *Mayor* v. *Sheffield,* 4 Wall. 189–191; Dill. Mun. Corp. Secs. 791, 794–796.

2. When a corporation, within the scope of its corporate power, authorizes work to be done, the officers interested with the execution of the work become its agents so as to render it liable to individuals for injuries received by reason of negligence on the part of the officers in the performance of the work. Dill. Mun. Corp. secs. 765, 766, 779 and note 6; *Mayor* v. *Bailey,* 2 Denio, 441; *Thayer* v. *Boston,* 19 Pick. 511–515; Shearm. & Redf. Neg. secs. 155–173.

*Mr. Conrad H. Syme* and *Mr. Robert L. Williams,* for the appellee:

1. The municipality is not liable for the defective execution of powers of a legislative or governmental nature, and the doctrine of *respondeat superior* does not apply. 4 Dill. Mun. Corp. 5th ed. secs. 1642, 1643, 1645, 1655, and 1661; *Ogg* v. *Lansing,* 35 Iowa, 495; *Mitchell* v. *City of Rockland,* 52 Me. 118; *Hafford* v. *New Bedford,* 16 Gray; *Lynde* v. *Rockland,* 66 Me. 309; *Bryant* v. *St. Paul,* 33 Minn. 289; *Winona* v. *Botzet,* 169 Fed. 321; *Gilboy* v. *Detroit,* 115 Mich. 121; *Maxmillian* v. *Mayor,* 62 N. Y. 160; *Nicholson* v. *Detroit,* 129 Mich. 246; *Perry* v. *Oregon,* 139 Ill. App. 606 (1908); *Louisa County* v. *Yancey,* 109 Va. 229; *Lowe* v. *Conroy,* 120 Wis. 151, 1 A. R. C. 1043;

*Bamber* v. *Rochester,* 63 How. Pr. 103; *Richmond* v. *Long,* 94 Am. Dec. 461; *Brown* v. *District of Columbia,* 29 App. D. C. 273.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The learned trial justice committed no error in sustaining the demurrer. He was guided by the rule which has been pronounced in previous decisions of this court. *Brown* v. *District of Columbia,* 29 App. D. C. 273, 282, 25 L.R.A. (N.S.) 98; *District of Columbia* v. *Tyrrell,* 41 App. D. C. 463.

In those cases—the first relating to defective conditions in a fire-engine house, and the second to the escape of gas in a public-school building—the distinction was noted between the two kinds of powers and duties with which municipal corporations are charged; the one merely municipal for special local purposes and benefits; the other of a public or governmental character for the general public welfare. For negligence in the performance of the former there is liability; for negligence of agents in the performance of the latter there is no liability. The subject is discussed at length and many supporting authorities cited.

There is no occasion for further discussion of the general question.

For a stronger reason, if anything, the duties imposed upon the health department of the District are to be considered public and governmental in their nature; and by the great weight of authority municipal corporations are not liable in damages for the negligent acts of the employees of such a department in the performance of their duties. 4 Dill. Mun. Corp. 5th ed. § 1642; *Bryant* v. *St. Paul,* 33 Minn. 289, 53 Am. Rep. 31, 23 N. W. 220; *Mitchell* v. *Rockland,* 52 Mo. 118, 121; *Lynde* v. *Rockland,* 66 Me. 309, 315; *Ogg* v. *Lansing,* 35 Iowa, 495, 498, 14 Am. Rep. 499; *Louisa County* v. *Yancey,* 109 Va. 229, 236, 63 S. E. 452; *Ulrich* v. *St. Louis,* 112 Mo. 138, 143, 34 Am. St. Rep. 372, 20 S. W. 466.

There is, perhaps, another ground upon which the demurrer might be sustained without regard to the foregoing; but, as it has not been presented or argued, we will merely suggest the point without deciding it. The dairy where the acts complained of were committed is in the State of Maryland.

Officers of the District of Columbia are without power beyond its boundaries; and, if they undertake to exercise it, the District could not be held liable for their acts. We are advised of no act of Congress that attempts even to authorize their exercise of the power of disinfection of a dairy beyond the boundary; even if such power could be conferred.

The judgment is affirmed, with costs. *Affirmed.*

For denial of writ of error, see post, p. 307.