## DANIEL D. GILLESPIE, Appellant, *v.* THE CITY OF NEWBURGH, Respondent.

Plaintiff was driving along an embankment upon one of defendant's streets in a top buggy wagon, and approaching a railroad crossing; the edge of the embankment had been guarded by a railing, but for a space of about eleven feet the railing was gone, and defendant had negligently omitted to replace it. Plaintiff, seeing a train approaching and seeing the railing at his right, backed his wagon to the right in order to turn his horse away from the train; the wagon went through the open space and down the embankment, seriously injuring the plaintiff. The top of his wagon was up and prevented his seeing the defect in the rail where he sat; he could have done so, however, by turning his head and looking out of the back of his wagon, or by putting his head out at the right side. In an action to recover damages for the injury, *held*, that plaintiff's failure to look back to see if the railing was perfect was not contributory negligence *per se*, but presented a question for the jury. The degree of care and watchfulness in such case is not the same as that required of a traveler about to cross a railroad track.

(Argued June 18, 1873; decided September term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial district, reversing a judgment in favor of plaintiff, entered on a verdict and ordering a new trial.

This was an action to recover damages for injuries alleged to have been occasioned by defendant's negligence. The facts appear sufficiently in the opinion. At the close of the evidence, defendant's counsel moved for a nonsuit upon the ground, among others, that the evidence disclosed negligence on the part of plaintiff. The court denied the motion and defendant excepted.

Defendant's counsel asked the court to charge that if there was any doubt upon the question as to whether the plaintiff by his negligence contributed to the accident, that then he cannot recover. The court refused so to charge and defendant's counsel excepted. The jury rendered a verdict for plaintiff.

*Cassedy & Brown* for the appellant. Defendant was liable for negligence in not building and maintaining a proper guard along the embankment. (*Ryatt* v. *Trustees Village of Rondout*, 44 Barb., 394; *Palmer* v. *Inhabs. of Andover*, 2 Cush., 600; *Hayden* v. *Inhabs. of Attleboro'*, 7 Gray, 338; *Morris* v. *Litchfield*, 35 N. H., 271; *Kemble* v. *Bath*, 38 Me., 219; *Hunt* v. *Pownal*, 9 Vt., 411; *Alger* v. *Lowell*, 3 Al., 398; *Joliet* v. *Verley*, 35 Ill., 58; *Radway* v. *Briggs*, 37 N. Y., 256; *Conrad* v. *Trustees Village of Ithaca*, 16 id., 163; *People* v. *Corp. of Albany*, 11 Wend., 539; *Wendell* v. *Mayor, etc., of Troy*, 39 Barb., 329; *Rochester W. L. Co.* v. *City of Rochester*, 3 Comst., 463; *Davenport* v. *Ruckman*, 10 Bosw., 20; *Loyd* v. *Mayor of N. Y.*, 1 Seld., 369; *Mayor, etc., of N. Y.* v. *Furze*, 3 Hill, 612; *West* v. *Trustees of Brockport*, 16 N. Y., 161; Charter of Newburgh, Title VI, § 1, Laws 1865, 997.) Plaintiff is not chargeable with contributory negligence. (*Davenport* v. *Ruckman*, 37 N. Y., 568; *Newman* v. *N. Y. C. R. R. Co.*, 29 id., 390; *Ernst* v. *H. R. R. Co.*, 35 N. Y., 9; *Davis* v. *N. Y. C. & H. R. R. Co.*, 47 id., 400.) When negligence is relied on to defeat a plaintiff's recovery, it must be shown he was guilty of at least ordinary negligence. (S. & R. on Neg., 29; *Beseigel* v. *N. Y. C. R. R. Co.*, 34 N. Y., 662; *Fero* v. *Buff. & C. R. R. Co.*, 22 id., 209; *Johnson* v. *H. R. R. R. Co.*, 6 Duer, 633, 645; *Cook* v. *C. R. R. Co.*, 3 Keyes, 476; *Button* v. *H. R. R. Co.*, 18 N. Y., 248.) The action was properly submitted to the jury. (2 Starkie on Ev., 973; *Ireland* v. *Oswego R. R. Co.*, 13 N. Y., 533; *Oldfield* v. *N. Y. & N. H. R. R. Co.*, 14 id., 310; *Ernst* v. *H. R. R. R. Co.*, 35 id., 9; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id., 287; *Filer* v. *N. Y. C. R. R. Co.*, 49 id., 47; *Bernhardt* v. *R. & S. R. R. Co.*, 23 How., 168; *Keller* v. *N. Y. C. R. R. Co.*, 26 id., 177.)

*John B. J. Fenton* for the respondent. When the facts are uncontroverted, the question of negligence is one of law for the court. (*Gonzales* v. *N. Y. & H. R. R. Co.*, 38 N. Y., 440; *Clark* v. *Union F. Co.*, 35 id., 485.) Plaintiff was guilty of

contributory negligence in failing to look where he was backing to. (*Clark* v. *City of Lockport,* 49 Barb., 580; *Ginnon* v. *N. Y. & H. R. R. Co.,* 1 Robt., 25; *Wilcox* v. *R. W. & O. R. R. Co.,* 39 N. Y., 358; *Ernst* v. *H. R. R. R. Co.,* 35 id., 9; *Gonzales* v. *N. Y. & H. R. R. Co.,* 38 id., 440.)

JOHNSON, C. This case presents the question of contributory negligence in a somewhat novel aspect. The plaintiff, in seeking to avoid danger from a railroad train, has received injury from another cause, and the General Term of the Supreme Court has held him guilty of exercising insufficient care to guard himself from this injury. Driving along one of the streets of Newburgh, which is crossed by a railroad track, the plaintiff came in sight of an approaching locomotive. He stopped his horse till he could determine whether the engine would cross the street or back off upon a switch. His horse became excited, and he concluded to turn about and not incur the risk of a nearer approach to the engine. The horse he had quite recently bought, and had never driven near an engine. The highway was upon an embankment at this point, and had a guard rail on the right, beyond which the ground fell off precipitously. This rail was gone, at a point behind the plaintiff, for about eleven feet. The plaintiff, without turning round in his wagon to ascertain whether the rail which he saw on his right was continuous, cramped his wagon to the right in order to turn his horse by the left away from the engine. The top of the wagon was up and prevented the plaintiff seeing the defect in the rail as he sat, which, however he could have discovered either by turning around in his seat and looking out at the back of the wagon, where the top was open, or by putting his head out at the right side and looking around and behind the wagon in that way. It happened that, in this process of turning, the wagon backed through the place where the rail was gone and fell down the bank, dragging with it the horse and the plaintiff.

This statement of the proof shows a case proper for the

opinion of a jury upon the question of negligence contributing to the injury. . Did the plaintiff exercise that degree of care which prudent persons use under like circumstances? The cases, in regard to the duty of persons about to cross railroad tracks to look out for approaching trains, do not seem applicable against the plaintiff. . The track itself is held to be a proclamation of danger, and to impose upon the party proposing to cross it the duty of anticipating the dangers peculiar to it, and guarding against them. (*Davis* v. *N. Y. Central R.*, 47 N. Y., 400; *Wilcox* v. *Rome R.*, 39 N. Y., 358; *Ernst* v. *Hudson R. R.*, 35 N. Y., 9; *Gonzales* v. *Harlem R. R.*, 38 N. Y., 440.) In this case the plaintiff was in the highway, was pressed with the instant necessity of avoiding an obvious and imminent danger, felt the necessity of keeping his eyes upon his horse's movements, and thorough command of them, and knew of no reason to suspect that the rail which he saw on his right was not continuous. The evidence was sufficient to warrant the jury in taking this view, and we are bound to view it in the same light in order to sustain their verdict. The defendant was not, therefore, entitled to a direction that contributory negligence was established, nor that the plaintiff could not recover if there was any doubt upon the question whether the plaintiff, by his negligence, contributed to the accident. It was precisely because there was doubt that it was proper to submit the question to the jury.

Upon the burden of proof the jury had been properly instructed by the judge, who had told them that the plaintiff must prove affirmatively that he was free from fault; nothing further on this subject could be required by the defendant.

The court at General Term erred in reversing the judgment and ordering a new trial. Their judgment must be reversed, and that rendered at Special Term be affirmed.

All concur.

Order reversed and judgment accordingly.