## O'NEILL *v.* CHICAGO & N. W. RY. Co.

### (*Circuit Court, D. Iowa.* May, 1881.)

MASTER AND SERVANT—PERSONAL INJURIES—NEGLIGENCE.

A carpenter in a railroad yard was standing upon a ladder which leaned against the car he was repairing, when a locomotive came against the train, threw him to the ground, and injured him. The fireman saw him in ample time to notify the engineer, but said nothing until the locomotive was about a car-length away, when he cried out "Whoa!" Thereupon the engineer reversed the engine, and almost stopped; but, receiving a signal to proceed from the switchman, who did not see the carpenter, he again turned on steam. *Held* that, on this state of facts, the question whether it was the fireman's duty to specifically notify the engineer that a man was in danger was one of fact for the jury.

At Law. Action by John M. O'Neill against the Chicago & Northwestern Railway Company to recover damages for personal injuries. A verdict having been returned for plaintiff, the case was heard on motion for a new trial. Granted.

This suit was brought by plaintiff to recover damages on account of personal injuries, caused, as alleged, by the negligence of the servants of the defendant. The plaintiff was in the employ of the defendant as a car carpenter, and was directed, in the course of such employment, to repair a car which was standing upon one of the numerous tracks in the defendant's yard at Clinton, Iowa. He was directed to place certain lamp brackets upon said car, and in order to do so it was necessary for him to place a ladder against the car, and to stand on the same while doing the work. While engaged in this duty, standing upon the ladder, a locomotive came in upon the track, and collided with the line of cars upon which plaintiff was at work, with such force as to throw him to the ground and injure him. The locomotive was in charge of an engineer, and was attended by a fireman, named Riggs, and by a switchman. The fireman, Riggs, saw plaintiff in his perilous position in ample time to inform the engineer of his peril, but gave no notice, and made no effort to stop the engine or prevent the accident, except as shown in the tenth instruction to the jury, hereinafter quoted. The case was tried before a jury, and there was a verdict for plaintiff. The mo-

tion for new trial is urged upon the ground that the court erred in charging the jury. The tenth instruction given to the jury is as follows:

"(10) The evidence tends to show that the fireman, Riggs, who was with the approaching engine, could see plaintiff, at work on the car, and that he did see him for some distance, and in ample time to have informed the engineer; that he gave no alarm until the engine was within about one car-length of the standing cars, and that he then called out 'Whoa!' to the engineer, who reversed his engine, and nearly stopped the train, when the switchman, who did not see plaintiff, signaled the engineer to move on, when he again put on steam, and moved up against the standing car, thus causing the injury. If you find these facts, the court instructs you that it was the duty of the fireman to notify the engineer that there was a man on the side of the car and in danger, and to give such notice in time to enable the engineer to avoid the collision; and, if so notified, it would have been the duty of the engineer to disregard the signal of the switchman to move on. In such a case he would be bound to presume that the signal had been given in ignorance of the danger, and he would be bound to act upon his knowledge of the danger, or upon any information he had received from the fireman, or from any other source, that there was a man in danger."

*W. A. Foster* and *John J. Mullaney*, for plaintiff.
*Hubbard & Clark*, for defendant.

McCRARY, Circuit Judge. I am inclined to the opinion that the tenth instruction given to the jury was erroneous, in that it did not leave it for the jury to say whether, under the circumstances, it was the duty of the fireman (Riggs) to have given to the engineer more definite and explicit warning concerning the plaintiff's peril. It is doubtful whether the circumstances of this case bring it within the rule that, the facts being established, the court may determine the question of negligence as a question of law. It probably belongs to that other class in which, although the facts be undisputed, different minds might honestly draw different conclusions therefrom; and, if so, the question is for the jury. As the verdict is for less than $5,000, and therefore a judgment rendered thereon could not be reviewed upon writ of error by the supreme court, I am constrained to resolve my doubts in favor of a new trial. The motion is sustained. *Railroad Co.* v. *McElwee*, 67 Pa. St. 315; *Railroad Co.* v. *Stout*, 17 Wall. 659; *Railroad Co.* v. *Van Steinberg*, 17 Mich. 99; *Gillespie* v. *City of Newburgh*, 54 N. Y. 468; *City of Rockford* v. *Hildebrand*, 61 Ill. 155.