SARAH A. CHARLOCK, RESPONDENT, *v.* EDWARD FREEL,
APPELLANT.

*Liability of a contractor who agrees with a city to construct a sewer in one of its*
*streets — he must use due care in the performance of the work.*

In an action, brought by the plaintiff to recover damages for personal injuries sustained by reason of the defendant's negligence, it appeared that the defendant had entered into a contract with the city of Brooklyn to make a sewer in one of its streets, that the contract provided that the contractor should give security to save the city harmless from "all suits and actions * * * in consequence of any negligence in guarding the same." The contract also provided for extra work, and, under this latter provision, the grade, at the intersection of Pulaski street and Tompkins avenue, was raised. The defendant, in doing this extra work, first raised the curb-stone to the required heighth, the flag-stone next to the curb being laid on the sidewalk. Water having collected during a shower next to the curb the defendant's employees opened a way for the water to run into the street by taking the dirt away; the water sank under the curb and left an excavation of some fifteen or eighteen inches in depth, which was permitted to remain there from Wednesday until Friday night, when the plaintiff fell into it and broke her arm.

*Held,* that as the extra work came under the contract, and was to be carefully done, the fact that it was to be done according to the plan, and under the direction of the city engineer, did not relieve the contractor from due care in the performance of the work, and the evidence justified the finding of the jury that he did not do his work with due care.

*Kelly* v. *The Mayor* (11 N. Y., 432) followed; *City of Buffalo* v. *Halloway* (8 Seld., 493) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury at the Kings County Circuit on March 6, 1888, in the office of the clerk of the county of Kings; and from an order made denying a motion for a new trial made on the minutes of the justice before whom the action was tried.

*William C. De Witt,* for the appellant.

*Charles J. Patterson,* for the respondent.

BARNARD, P. J.:

There is no basis for a claim under the evidence that the defendant was a mere servant and agent of the city, and not liable for omissions of duty in respect to the obstruction in question. The

defendant had contracted to make a sewer in one of the streets of the city of Brooklyn by a contract with the city. This contract provided that the contractor should give security to save the city harmless from " all suits and actions  *  *  * in consequence of any negligence in guarding the same." The contract provided for extra work, and under this provision the grade at the intersection of Pulaski street and Tompkins avenue was raised. The defendant in doing this extra work raised first the curb-stone to the required height. The flag-stones next the curb were laid on the sidewalk. Water collected during a shower next the curb, and an attempt was made to open a way for the water to run into the street. This was done by defendant's employees. They took away the dirt to accomplish this purpose. The water sank under the curb and left an excavation some fifteen or eighteen inches in depth. This excavation was permitted to remain from Wednesday until Friday night, when the plaintiff fell into it and broke his arm. The work was to be done under the direction of the city engineer. The extra work falls under the contract, and was to be carefully done; and the fact that the work was to be done according to the plan of the engineer did not relieve the contractor from due care in the performance of the work. (*Kelly* v. *The Mayor*, 11 N. Y., 432.) The case of the *City of Buffalo* v. *Halloway* (3 Seld., 493) is not adverse to this. There the contractor, who had been negligent in his duty, in consequence of which the city of Buffalo had been subjected to damages, was held not to be liable to an action to reimburse the city; that his agreement was only to construct the work with reasonable skill, and that the city was bound to protect travelers from danger during the construction. That the contractor did not do his work with due care has been found by the jury, and the evidence abundantly justified the finding; and out of this the defendant's liability grows. (*Mairs* v. *Manhattan Real Estate Association*, 89 N. Y., 498).

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.