## KOONTZ *v.* DISTRICT OF COLUMBIA.

---

MUNICIPAL LAW; INDEPENDENT CONTRACTOR, NEGLIGENCE OF; STREET RAILWAYS, NEGLIGENCE OF; STREETS AND SIDEWALKS; CONTRIBUTORY NEGLIGENCE; JOINT NEGLIGENCE.

1. Legislative authority to a municipality to open and construct a sewer in a public street does not exempt the municipality from the duty of exercising due care in performing the work.

2. Where, in the course of the construction of a sewer in a street, the excavation is such as to make the way dangerous to those traveling in

---

*\*Independent Contractor.*—As to liability of employer for acts of independent contractor, see the full presentation of the authorities in the following editorial notes: General rule as to absence of liability of employer for torts of independent contractor, note to *Salliotte* v. *King Bridge Co.* 65 L. R. A. 620; liability of employer where injury is direct result of the work contracted for, note to *Thomas* v. *Harrington,* 65 L. R. A. 742; liability of employer for injuries caused in the performance of work which is dangerous unless certain precautions are observed, note to *Jacobs* v. *Fuller & H. Co.* 65 L. R. A. 833; liability of employer for injuries occurring in performance of work where employer's own act is a proximate cause of the injury, note to *Louisville & N. R Co.* v. *Tow,* 66 L. R. A. 941; liability of employer where injuries result from nonperformance of absolute duties, note to *Anderson* v. *Fleming,* 66 L. R. A. 119; persons deemed to be independent contractors within meaning of rule relieving employer from liability, note to *Richmond* v. *Sitterding,* 65 L. R. A. 455.

street cars along the course of the sewer, the question of whether a railing or barrier placed along the excavation is suitable and sufficient to afford safety to passengers on the cars is ordinarily a question of fact for the jury.

3. Where an independent contractor, in performing his contract with a municipal corporation, makes holes or excavations in a street, or places obstructions therein, and, by reason of his negligence, a traveler is injured, the municipality's liability (which will not be limited by mere implication), will depend upon whether the municipal authorities had the right and power to interfere so as to prevent what was being negligently done; and, if so, it will be liable.

4. It is not contributory negligence *per se* for a passenger on a street car to take a position and to ride on the running board of a car,—especially where there are other persons standing on the running board when he boards the car.

5. Where one who boarded a crowded street car took a position on the running board with other passengers, and was, a few moments thereafter, struck and injured by a projecting plank of a post forming part of a barrier to the excavation for a sewer in course of construction in the street, it was *held* that it was error for the trial court, in an action by the injured person against the municipality, its contractor for the work of constructing the sewer, and the railroad company, based upon the joint or concurrent negligence of the defendants, to direct a verdict for the defendants; the question of their negligence and the contributory negligence of the plaintiff being for the jury.

No. 1344.    Submitted May 6, 1904.    Decided June 7, 1904.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia entered upon a verdict directed by the court in an action against three defendants to recover damages for personal injuries.    *Reversed.*

The COURT in the opinion stated the case as follows:

This action was brought by the appellant against the appellees, being the District of Columbia, James K. Murphy, and the Anacostia & Potomac River Railroad Company, to recover damages suffered by the plaintiff, occasioned, as it is alleged, by the joint or concurrent negligence of the defendants.    The injury to the plaintiff is alleged to have been caused by an obstruction

erected or placed on one of the streets of the city of Washington, over which the railroad defendant was operating its cars for the carriage of passengers for hire; and the obstruction causing the injury is alleged to have been erected or caused, or authorized to be erected, by the District of Columbia, and James K. Murphy, a contractor under the said District of Columbia, for the construction of a certain tunnel or sewer along and under certain streets of the city of Washington.

The declaration contains two counts, and sets out with particularity the acts and doings of the defendants, and their relation to each other, and their respective duties and obligations to the public traveling on the railroad over said streets of the city.

It is alleged that the District of Columbia, a municipal corporation, having imposed upon it by law the duty and obligation of keeping and maintaining in good and safe condition and repair the streets and highways of the city of Washington, among others, Canal street, South Capitol street, and E street south, in said city, contracted with the defendant, James K. Murphy, for the excavation and construction of a certain public sewer along and under certain of said streets of said city, among others, to wit, Canal street, South Capitol street, and E street south, and that such sewer was in course of construction, at the time of the happening of the injury complained of, under said contract; and that the defendant the Anacostia & Potomac River Railroad Company, as owner, was operating said railroad over and upon said streets, and as public carrier of passengers was bound to take and carry all passengers safely and without unnecessary exposure to danger, including the plaintiff. And it is further alleged that, on the 4th day of March, 1901, the plaintiff, while a passenger on the car of the defendant railroad company, going west on E street south, at or near its intersection with Canal street, through the carelessness and negligence of the said defendant, its servants or employees, in the management and operation of its cars, and the unsafe condition of its roadway, by reason of certain obstructions therein, was jerked from, pulled or knocked off, or thrown from, the said car; and that he, the said plaintiff, was then and there precipitated into and

down a deep excavation then and there being made, or caused
to be made, by the defendants the said District of Columbia and
the said James K. Murphy, and which said obstruction was
allowed and permitted to remain in said dangerous and unsafe
position in said street and in near proximity to the tracks of said
railroad, and without safe and proper guards or barriers against
accidents to passengers on said street cars while passing the
same; and that, by being so jerked from or knocked off said car,
the plaintiff was greatly injured.    That the injury to the plain-
tiff was caused by the concurrent negligence and want of care
of the said defendants; that the said District of Columbia, and
the said James K. Murphy, the contractor, in placing and per-
mitting to be constructed, and to remain, the said dangerous and
unsafe obstruction, post, or fence, in the public street, to the
peril and great danger of the passengers on said cars passing
along said street, thereby contributed to causing the injury to
the plaintiff; and of which said causes producing the injury the
defendants had notice.    This is but the substance of what is
alleged.

The defendants pleaded severally the general issue plea of not
guilty, and the case was tried before court and jury.

The plaintiff produced evidence on his part in support of the
allegations contained in the declaration; but the defendants
offered no evidence whatever, but rested the case upon the evi-
dence offered by the plaintiff.    They thereupon severally offered
prayers to the court that the jury be instructed that there was
no sufficient evidence upon which a verdict could be found for
the plaintiff, and these prayers were granted by the court, and
a verdict for the defendants was rendered accordingly.    To this
ruling the plaintiff excepted, and has brought the case to this
court on appeal.

*Messrs. Padgett* and *Forrest* for the appellant.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert,* for the
appellee, Murphy:

1. While the appellant may not have been guilty of contributory negligence as matter of law in riding on the running board of the car, he took all the risks incident to that exposed position, including the risk of coming into contact with a lawful obstruction in the public highway, which would not have interfered with him had he been inside the car. *Harbison* v. *R. Co.* 9 App. D. C. 60.

2. Whatever may be said as to the presumption of negligence against the railroad company, upon which the appellant claimed to be a passenger, and which, it may be claimed, owed to the appellant a high degree of care, no such presumption can arise against Murphy, who was a stranger to the plaintiff, and who owed him no duty arising out of the contract of carriage or any other contract. *Washington Gaslight Co.* v. *Eckloff,* 4 App. D. C. 174. There is no proof of negligence on the part of the defendant Murphy. *Ashton* v. *District of Columbia,* 14 App. D. C. 577.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the appellee the District of Columbia.

There was no appearance for the appellee the railroad company.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There is but the single question presented on this appeal, whether there was evidence sufficient to require the case to be submitted to the jury for their consideration. We think the case should have been submitted to the jury. Whatever the court may have thought of the weight of the evidence produced by the plaintiff, there was certainly some evidence bearing upon the questions involved, as to all the defendants, which would have justified a rational conclusion as to their liability. And, this being the case, the evidence should have been considered by the jury. Whether there was contributory negligence on the part of the plaintiff in producing the injury complained of was

not a question of law for the court, but one of fact for the jury, to be determined upon consideration of the whole evidence before them. The liability of the several defendants as charged in the declaration depends upon their connection with the cause of the injury,—whether they had an actual agency in producing that cause. That they may be all jointly liable is unquestionable.

The question of the right of the municipal corporation of the District to construct the sewer, and of the right to contract for the execution of the work, though to occupy the bed of the public streets, can admit of no doubt. The opening and construction of the sewer in this case was done under and by an express authority of Congress. But this authority did not excuse the municipal government from the duty of exercising due and reasonable care in the execution of the authority conferred by Congress. In the construction of the sewer along or under the public streets of the city, the municipality was bound to erect and maintain suitable railings or other barriers, where a dangerous place existed in such close proximity to the highway or street as plainly to make the way unsafe for travelers, exercising ordinary care and prudence, while traveling on the street cars along said sewer. The question whether a railing or barrier placed along the same is suitable and sufficient to afford safety to passengers on the cars is ordinarily a question of fact for the jury. *Norris* v. *Litchfield,* 35 N. H. 271, 69 Am. Dec. 546; *Murphy* v. *Gloucester,* 105 Mass. 470; *Gillespie* v. *Newburgh,* 54 N. Y. 468; *Lyman* v. *Amherst,* 107 Mass. 330. And the fact that the dangerous object which caused the accident was permitted to exist by the municipal authorities contrary to law, or that its existence was a cause which, conjoined with other causes illegally existing, produced the accident, may be evidence to charge the municipal corporation with liability for such accident, although the object in question was not actually in the highway or street. *Bieling* v. *Brooklyn,* 120 N. Y. 99, 24 N. E. 389. And whenever a barrier or guard rail is erected along or over an excavation in the street or near thereto, it should be of such a character and placed

in such position in reference to the use of the street as will afford protection, and not produce a peril to persons passing on the way; and this is a question for the jury.    The obstruction here, it appears, consisted of a post with a projecting plank attached, which was too near the line of the running cars on the street.

The principle is well established that where an independent contractor, in performing his contract with the municipal corporation, makes holes or excavations in the street, or places obstructions therein, and by reason of his negligence a traveler is injured, the municipality may be made responsible in the first instance, or jointly with such contractor.    *Robbins* v. *Chicago,* 4 Wall. 657, 678, 18 L. ed. 427, 432.    In all such cases, the question is whether the municipal authorities have the right and power to interfere so as to prevent what is being negligently done, and if they have no such power there will be no responsibility of the municipality.    *Jones* v. *Waltham,* 4 Cush. 299, 50 Am. Dec. 783.    But the general liability of the corporation will not be limited by mere implication.    *Pollard* v. *Woburn,* 104 Mass. 84; *Charlock* v. *Freel,* 50 Hun, 395, 3 N. Y. Supp. 226.

It is argued that, as the railroad defendant had nothing to do with the erection of the obstruction in the street or along the sewer that produced the accident, therefore it cannot be held responsible for the consequences of the accident.    But this argument puts out of view the fact that the railroad company must be taken to have known of the existence of the obstruction and the peril created thereby to its passengers who were allowed to ride on the running or foot board of its cars.    The testimony shows that it was carrying, at the time of the accident, several passengers beside the plaintiff, who were allowed to ride on the foot board of the car, and that the plaintiff was not the only one of these passengers who was struck or brought in collision with the obstruction that produced the accident to the plaintiff. The testimony of the plaintiff is quite clear upon this subject. He admits that he knew of the existence of the erection of the obstructive object along the sewer on the side of the railroad, but he had only noticed it from a distance, and did not know of the dangerous proximity in which it stood to the road.    He

VOL. XXIV—5

says in his testimony, that on the morning of the accident, desiring to take the car going in a westerly direction, he "went to the corner of Second and E street, southeast, that there were several gentlemen there when the car was approaching, and he got on with them; that the car was going west; that he does not recollect that the car stopped, but it checked up he knows, and they all stepped up; that he supposes there were a half dozen standing there; that he did not know any of the persons,—they were all strangers to him;    *    *    *    that at the time he got on the car it was pretty crowded inside and out with passengers, and all through the aisles; that it took but a very short time from where he got on the car to get down to where the accident occurred; that, as near as he can recollect, it was probably over 100 yards; that the street from where he got on the car to the place where the accident happened is something on a down grade going west; that he was standing with his hands hold of the rail and had the ticket between his fingers, and he did not know anything at all—did not see the place—but was looking right inside of the car, and the first thing he knew, something caught him right in the back of his overcoat, that he has here now, and just twisted him right off, and it was in the twinkling of an eye afterwards that it was all over; that there were a lot of spikes driven in a derrick that went down to the bottom, and one of them caught his coat and broke the fall some, but that gave way and he went down, and when he fell, he fell right on his face in a large puddle of mud and water at the bottom of it; that after he was struck in the back he became unconscious and did not know anything hardly until he got up in the Providence hospital.    That he does not know who picked him up, but heard it was some sailors, four of whom were in the car, but he did not know them at all.    That when he got on the car at Second and E street he was standing on the north side of the car on the running board, probably nearer the rear."    He was asked how fast the car was going when he got on, and he replied, 3 or 4 miles an hour; and he also stated that he thought the car was moving at the rate of 9 or 10 miles per hour at the time of the accident, though other witnesses thought that it was not going so fast.    All the witnesses concur

in stating that there were several passengers standing and riding on the running board beside the plaintiff at the time of the accident, and they all testify to the fact that the plaintiff was struck and knocked off the car by the collision with the post or other obstruction on the side of the sewer in close proximity to the running cars; and that there were other passengers on the running board also struck by the same obstruction, though not knocked from the car. The fact appearing to the plaintiff that other passengers were allowed to ride on the foot board was some assurance to him that it could be occupied with safety, or, at any rate, that there was no special risk in being so carried.

The railroad defendant was bound to use all needful care to carry its passengers safely, including the plaintiff, and to avoid exposing them to unusual risks; and with knowledge of the position of the erection in near proximity of its road, and to the cars moving thereon, which knocked off the plaintiff, it should not have allowed the plaintiff, or any other passenger, to ride on the foot board of the car, and thus to incur the peril of being struck and knocked off. It is true, the plaintiff, by taking a position and riding on the running or foot board of the car, incurred the ordinary risk of such a position, which was greater than that of being inside the car, but to ride on the foot board of a street car does not constitute negligence in law, which would justify the court in directing the jury that such act of itself was sufficient to convict the plaintiff of contributory negligence, and to defeat his right to recover for the injuries suffered by him. Under the facts of this case, we do not think the court could declare, as matter of law, that the plaintiff was chargeable with the special knowledge of the particular risk or danger in doing what he saw that others were allowed to do, and which he might reasonably suppose was being done with the knowledge and consent of those in charge of the cars. We think the testimony of the plaintiff himself, with that of the other witnesses examined on his behalf, presented such state of case as made it proper that it should have been submitted to the jury. The erection on or along the edge of the sewer, and which caused the injury, had been placed there as a barrier, and we may well presume was placed there by the

parties constructing the sewer; and, from the length of time that it appears to have existed, the municipal authorities would be chargeable with notice of its existence and of the dangerous character thereof.

We must reverse the judgment and remand the cause for new trial; and it is so ordered.

*Judgment reversed and cause remanded.*