Sterrett, J.,
-All the questions of fact presented by the evidence in this case were submitted to the jury in a clear and comprehensive charge to which no just exception can be taken.
In substance, the jury were instructed that plaintiff below could not x’ecover unless the city was guilty of negligence in permitting the side-walk in question to remain in a dangeroxxs condition after notice, express or implied, that it was unsafe for public use. “Implied notice,” said the learned judge, “is the notice which the city is presumed to have when an obstructioxi in the public highway has existed so long that the city should reasonably take notice of and repair it. If the defect complained of in this case existed so long that, in yoxxr opinion, the city should have known it, and if the plaintiff was fx'ee fx’om negligence- that contributed to the injuxy, then she may recover compensatory damages and no more.”
Again, on the subject of contribxxtoxy xxegligence, he said to the jury: “ If, on the other hand, you fixxd that this accident was caused by the plaintiff’s negligence, iix any way, she cannot recover. If she saw the depression in the pavement and took the chance of walking on it, she cannot recover. If she failed to exercise sxxch care as a reasonable, prudent pei'son would have exercised under the circumstances, she cannot recover. By that, I mean, that, if there was negligence on her part, negligence in taking the risk of crossing that place, or negligence in walking without' seeing where she was going, she cannot recover. No matter what the negligence of the city, the plaintiff cannot recover, if her negligence contributed to her injuxy.”
*151 Assuming, as we are bound to do, that the jury, in making up their verdict, were guided by the instructions of the court, they must have found all the controlling facts in favor of the plaintiff below and against the city. The facts were exclusively for their determination, and their conclusions were fully warranted by the evidence. As to the dangerous condition of the side-walk, there was no room for doubt; and, as to the question of notice, the evidence tended to show that, for fivé or six weeks, the side-walk in question was permitted to remain in the dangerous condition described by the witnesses.
Neither of the assignments of error is sustained. The points recited in the first four specifications were rightly refused.
As to the first, conceding that the persons, who made or, caused the excavations to be made across the side-walk for their own benefit, were answerable to plaintiff below for the injury she sustained, it does not follow that the city, under the facts established by the verdict, was not also liable. If it had notice of the dangerous condition of the side-walk, as the jury has found, and neglected to perform its duty to the public by having the street put in safe condition for travel, it was undoubtedly liable for' the consequences of such neglect. Newlin Township v. Davis, 77 Pa. 319; Lower Macungie v. Merkhoffer, 71 Pa. 276. What has just been said is also applicable to the second and third points. As legal propositions, they are both erroneous, especially in view of the facts in this case. The subject of complaint in the fourth specification is the refusal of the court to direct a verdict for the defendant. In view of the evidence, it would have been manifest ei'ror to have done that. The fifth and last specification is without merit.
In West Chester v. Apple, 35 Pa. 284, cited by plaintiff in error, the facts were different from the controlling fact in this case. In that case, the defect in the street, that proved to be dangerous, as soon as the loose earth became saturated with water, was latent as well as of very recent origin, and appears to have been unknown to the borough authorities until the damage was done. In the case at bar, the dangerous condition of the side-walk was manifest and must have been known to the city authorities for some time before plaintiff was injured. It, therefore, became the duty of the city to see that the side-walk was put in a condition that would have been safe for public travel; and, for neglect to perform that duty, it became liable.
Judgment affirmed. J. C. S.