Bridget Mooney *v.* Luzerne Borough, Appellant.

| 186 | 161 |
|---|---|
| 204 | 513 |
| 186 | 161 |
| 208 | [1]499 |
| 186 | 161 |
| 29 SC | [1] 11 |
| 186 | 161 |
| 32 SC | [2]492 |

*Municipalities—Negligence—Supervision of electric wires.*

It is the duty of a municipality to exercise a careful supervision over the adjustment and regulation of the electric wires suspended over its streets, and it is liable for injuries resulting from the neglect of such duty.

In an action against a borough to recover damages for the death of plaintiff's son killed by an electric wire, the evidence tended to show that a telephone wire had been maintained over a street of defendant for fifteen years, but had not been used for several months. It crossed a charged electric wire in close proximity thereto. A few months before the accident the old telephone wire sagged to such an extent as to interfere with public travel on this street. It was then cut by a member of the borough council, and one end wrapped around a post within easy distance of pedestrians on a highway crossing a bridge, with the end resting on the ground or in the water. Plaintiff's son, while crossing the bridge at night, came in contact with the wire and was killed. *Held,* that the case was for the jury, and that a judgment and verdict for the plaintiff should be sustained.

Argued April 11, 1898. Appeal, No. 157, Jan. T., 1897, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1894, No. 943, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before WOODWARD, P. J.

At the trial it appeared that about ten o'clock in the evening of October 8, 1893, plaintiff's son, Henry Mooney, while crossing a bridge in Luzerne borough, was killed by coming in contact with an electric telephone wire which had been maintained over the street near the place of the accident for over fifteen years, and had been unused and abandoned for several months. It crossed a charged electric light wire in close proximity thereto, and a few months before the accident had sagged to such an extent as to interfere with travel. A member of the borough council and a street commissioner cut the wire and wrapped one end around a post within easy distance of pedestrians on the highway crossing the bridge. The end of the wire was left to rest on the ground or in the water.

Defendant's point and the answer thereto among others were as follows:

5. Under all the evidence the verdict must be for the defendant. *Answer:* That certainly is a question for the jury and not for the court. [6]

Verdict and judgment for plaintiff for $1,120. Defendant appealed.

*Error assigned* among others was above instruction, quoting it.

*George R. Bedford,* with him *D. O. Coughlin,* for appellant.— While a municipality has a police supervision of the wires of a corporation occupying the streets, yet that does not involve pecuniary responsibility, and, if an accident happens from the failure to maintain the wires in proper condition, the corporation, and not the municipality, is responsible: Goetz v. Boro. of Butler, 1 Cent. Rep. 593; Westchester v. Apple, 35 Pa. 286.

The fact being that it was the contact of the telephone wire with the electric light wire that produced the fatal current and caused the death of young Mooney, the act of the borough officers months before was not the proximate cause of the accident: Ry. v. Taylor, 104 Pa. 306; Schaeffer v. Jackson Twp., 150 Pa. 145; Lehigh v. Hoffort, 116 Pa. 119; Penna. R. R. v. Kerr, 62 Pa. 353; Pass. Ry. v. Trich, 117 Pa. 390.

*William S. M'Lean,* with him *William R. Gibbons,* for appellee.—It was the duty of the defendant to supervise and control the erection and maintenance of electric wires suspended over its streets: Allentown v. Tel. Co., 148 Pa. 117; McKeesport City v. Ry., 2 Pa. Superior Ct. 242.

Was the negligence of the defendant the proximate cause of the death of plaintiff's son? We contend that it was. The contact of the wires was unquestionably a concurrent cause, but it was a cause not extraordinary, and, therefore, likely to be foreseen: Schaeffer v. Jackson Twp., 150 Pa. 145; Kieffer v. Hummelstown Borough, 151 Pa. 304; Ewing v. Versailles Twp., 146 Pa. 309.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 16, 1898:
The appellant borough not only complains of the manner in

which the case was submitted to the jury, but it challenges the right of the court to submit it to them in any form.

The evidence bearing on all the disputed questions was quite sufficient to carry the case to the jury. It would have been manifest error to have affirmed defendant's third point. The fact that the telephone wire had been maintained in the same place for fifteen years without accident was no reason why it should continue there indefinitely without inspection. Directly the opposite conclusion was warranted, but it was for the jury. Taking into view the fact that the telephone wire had been in the same place for fifteen years, in connection with the further facts that the telephone line had been unused and abandoned for several months; that it crossed a charged electric light wire, in close proximity thereto, and, finally, that a few months before the accident, the old telephone wire sagged to such an extent as to interfere with public travel on the streets, and we have a condition of affairs that was at least sufficient to admonish the municipality that more than ordinary care should be exercised in the supervision of the overhead wires in question. When, under such circumstances, the sagging wire is cut by a member of the borough council, and one end wrapped around a post within easy distance of pedestrians on the highway crossing the bridge, with the end resting on the ground or in the water, the defendant has no just reason to complain that the question of its alleged negligence was submitted to the jury. The evidence was quite sufficient to justify the latter in finding that the accident which resulted in the sudden death of plaintiff's son was the natural and probable consequence of the manner in which the telephone wire was fastened to the post.

The only remaining question that requires notice is one presented by the second specification. Defendant contends that while a municipality is invested with police supervision of the wires of corporations occupying its streets, such supervision does not involve pecuniary responsibility, and if an accident happens from a failure to maintain the wires in safe and proper condition, the corporation owning the wires, and not the municipality, is alone responsible for resulting injuries; and West Chester v. Apple, 35 Pa. 284, is cited as authority for the position. While language used in the opinion in that case may justify the conclusion sought to be drawn therefrom, it was not

necessary to the decision, and it has been expressly disapproved in Philadelphia v. Smith, 23 W. N. C. 242, and 1 Monaghan, 147. In that case, it was held by this Court that the liability of a municipality for damages for injuries caused by a defective sidewalk is not relieved against by the fact that the property owner is also liable. The same rule applies to dangerous defects or obstructions in the highway, whether overhead or at grade. The duty and liability of the municipality is in no way lessened by the fact that individuals or corporations are subject to a like duty and liability. The learned trial judge was therefore right in affirming plaintiff's point, that " it is the duty of a municipality to exercise a careful supervision over the adjustment and regulation of the electric wires suspended over its streets," and that it is liable for injuries resulting from neglect ·of such duty. In view of the multiplicity of overhead wires carrying deadly currents, and the increasing frequency of accidents from defects in such wires, or in the manner of their adjustment, it behooves municipalities to recognize and perform their duties in the premises in more than a perfunctory manner, if they would escape the consequences of negligence.

Neither of the specifications of error is sustained.

Judgment affirmed.