HARRIS, BY HIS NEXT FRIEND, ETC. *v.* DISTRICT OF COLUMBIA.

ON CERTIFICATE FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 16.    Argued January 24, 1919.—Decided June 6, 1921.

1. The work of cleaning the streets for the protection of the public health and comfort appertains to the discretionary governmental functions of the District of Columbia, distinguished from the special corporate or municipal duty of keeping the streets in repair. P. 652.
2. The District is not liable for personal injuries occasioned by the negligence of its employee while engaged in sprinkling streets preparatory to cleaning them. P. 652.

THE case is stated in the opinion.

*Mr. Rossa F. Downing,* for Harris, discussed the following cases:

*Weightman* v. *Corporation of Washington,* 1 Black, 39; *Barnes* v. *District of Columbia,* 91 U. S. 540; *District of Columbia* v. *Woodbury,* 136 U. S. 450; *Quill* v. *New York,* 36 App. Div. 476; *Missano* v. *The Mayor,* 160 N. Y. 126; *Barney Dumping-Boat Co.* v. *The Mayor,* 40 Fed. Rep. 50; *Young* v. *Metropolitan Street Ry. Co.,* 126 Mo. App. 2; *Denver* v. *Porter,* 126 Fed. Rep. 288; *Pass Christian* v. *Fernandez,* 100 Mississippi, 76; *Ostrom* v. *San Antonio,* 94 Texas, 525; *Denver* v. *Davis,* 37 Colorado, 370; *Coates* v. *District of Columbia,* 42 App. D. C. 194; *Bruhnke* v. *La-Crosse,* 155 Wisconsin, 485; *Conelly* v. *Nashville,* 100 Tennessee, 262; *Love* v. *Atlanta,* 95 Georgia, 129; *Condict* v. *Jersey City,* 46 N. J. L. 157; *Savage* v. *Salem,* 23 Oregon, 381; *Kuehn* v. *Milwaukee,* 92 Wisconsin, 263; *Bryant* v. *St. Paul,* 33 Minnesota, 291; *Haley* v. *Boston,* 191 Massachusetts, 291; *Hill* v. *Boston,* 122 Massachusetts, 376; *Workman* v. *New York City,* 179 U. S. 552.

*Mr. Robert L. Williams* and *Mr. Francis H. Stephens,* with whom *Mr. Conrad H. Syme* was on the brief, for the District of Columbia.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

The Court of Appeals, District of Columbia, has certified the following question (Jud. Code, § 251):

"Is the sprinkling of the streets to keep down dust for the purpose of the comfort and health of the general public, a public or governmental act as contradistinguished from a private or municipal act, which exempts the District of Columbia from liability for the injuries caused by one of its employees engaged therein?"

In order to prepare the streets of Washington for sweeping, it was the practice to sprinkle them from portable tanks. While filling one of these tanks through a hose connected to a water plug, a corporate employee negligently dropped the plug cover and injured Adelbert Harris, a young child. He brought suit against the District of Columbia for damages.

It is established doctrine that when acting in good faith municipal corporations are not liable for the manner in which they exercise discretionary powers of a public or legislative character. A different rule generally prevails as to their private or corporate powers. Dillon on Municipal Corporations, 5th ed., § 1626, et seq., and cases cited.

Application of these general principles to the facts of particular cases has occasioned much difficulty. The circumstances being stated, it is not always easy to determine what power a municipal corporation is exercising. But, nothing else appearing, we are of opinion that, when sweeping the streets, a municipality is exercising its discretionary powers to protect public health and comfort and is not performing a special corporate or municipal duty to keep them in repair. This conclusion, we think, accords with common observation, harmonizes with what has been declared heretofore concerning liability of the District of Columbia for torts, and is supported by well considered cases. *Weightman* v. *Corporation of Washington* (1861), 1 Black, 39; *Barnes* v. *District of Columbia* (1875), 91 U. S. 540, 551; *District of Columbia* v. *Woodbury* (1890), 136 U. S. 450; *Love* v. *Atlanta*, 95 Georgia, 129; *Conelly* v. *Nashville*, 100 Tennessee, 262; *Haley* v. *Boston*, 191 Massachusetts, 291; *Bruhnke* v. *La Crosse*, 155 Wisconsin, 485.

In *Weightman* v. *Corporation of Washington, supra,* the corporation was held liable for injuries resulting from an insecure bridge placed by the charter under its exclusive control and management. Among other things, through

Mr. Justice Clifford, this was said: "Municipal corporations undoubtedly are invested with certain powers, which, from their nature, are discretionary, such as the power to adopt regulations or by-laws for the management of their own affairs, or for the preservation of the public health, or to pass ordinances prescribing and regulating the duties of policemen and firemen, and for many other useful and important objects within the scope of their charters. Such powers are generally regarded as discretionary, because, in their nature, they are legislative; and although it is the duty of such corporations to carry out the powers so granted and make them beneficial, still it has never been held that an action on the case would lie against the corporation, at the suit of an individual, for the failure on their part to perform such a duty. . . . Whether the action in this case is maintainable against the defendants or not, depends upon the terms and conditions of their charter, as is obvious from the views already advanced."

*Barnes* v. *District of Columbia, supra,* presented a case of injury arising from a defective street. The District was held liable, and, for the court, Mr. Justice Hunt said, concerning the point presently important:

"Some cases hold that the adoption of a plan of such a work is a judicial act; and, if injury arises from the mere execution of that plan, no liability exists. *Child* v. *City of Boston,* 4 Allen, 41; *Thayer* v. *Boston,* 19 Pick. 511. Other cases hold that for its negligent execution of a plan good in itself, or for mere negligence in the care of its streets or other works, a municipal corporation cannot be charged. *City of Detroit* v. *Blackeby,* 21 Michigan, 84, is of the latter class, where it was held that the city was not liable for an injury arising from its neglect to keep its sidewalks in repair.

"The authorities establishing the contrary doctrine that a city is responsible for its mere negligence, are so

numerous and so well considered, that the law must be deemed to be settled in accordance with them." (Citing many cases.)

*District of Columbia* v. *Woodbury, supra.* Woodbury claimed damages for injuries resulting from a sidewalk, negligently permitted to remain out of repair. Held, that the principle of *Barnes* v. *District of Columbia* applies, notwithstanding the form of the District government had been changed.

In *Roth* v. *District of Columbia,* 16 App. D. C. 323; *Brown* v. *District of Columbia,* 29 App. D. C. 273; *District of Columbia* v. *Tyrrell,* 41 App. D. C. 463; and *Coates* v. *District of Columbia,* 42 App. D. C. 194, freedom of the District of Columbia from liability on account of matters within its governmental powers is recognized.

*Workman* v. *New York City,* 179 U. S. 552, is not applicable. The proceeding being in admiralty, rights and liabilities of the parties depended upon the maritime code and not upon local laws of New York. Here, common-law principles apply. See *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205.

The certified question must be answered in the affirmative.

MR. JUSTICE HOLMES, MR. JUSTICE BRANDEIS and MR. JUSTICE CLARKE dissent.