### JONES v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted January 6, 1922. Decided March 6, 1922.)

No. 3559.

1. **District of Columbia** &⇒25—Not liable for negligence while acting in governmental capacity.

The District of Columbia is not liable for damages resulting from its negligence while it was acting in its governmental capacity.

2. **District of Columbia** &⇒25—Acts in governmental capacity are under police power.

When the District of Columbia acts in its governmental capacity, it exerts its police power, which is generally regarded as discretionary, because in its nature it is legislative.

3. **District of Columbia** &⇒25—Acts in governmental capacity in caring for insane.

The District of Columbia was acting in its governmental capacity in receiving into the Washington asylum and jail a woman for observation as to her mental condition, so that it is not liable for negligence in failing properly to watch over her while she was in the institution, as a result of which failure she was able to commit suicide therein.

Appeal from the Supreme Court of District of Columbia.

Action by Adolphus Jones against the District of Columbia. Judgment for the District of Columbia, and plaintiff appeals. Affirmed.

Armond W. Scott, Royal A. Hughes, and George E. C. Hayes, all of Washington, D. C., for appellant.

F. H. Stephens and Ringgold Hart, both of Washington, D. C., for the District of Columbia.

SMYTH, Chief Justice. While appellant's wife was a patient in the psychopathic ward of the Washington Asylum and Jail for observation

as to her mental condition, she committed suicide by hanging. Appellant says her death was the result of the negligence of the District in failing to properly guard and watch over her while she was in the institution. The trial court sustained a demurrer to his declaration, and from an adverse judgment he brings the case here, for review.

For a long time the Washington Asylum, a hospital, and the jail of the District were separate institutions, each having its own government. Congress by Act of March 2, 1911 (36 Stat. 1003), made them one institution, under the name of Washington Asylum and Jail, and they were such at the time of the death of appellant's wife. Persons needing attention because of their physical or mental condition are received for treatment and observation, but no charge is made for any services rendered to them. It was under these circumstances that appellant's wife was in the ward at the time of her death.

[1] Assuming the District was negligent, as charged, is it liable for resultant damages? This depends upon whether it was at the time acting in its governmental or proprietary capacity. Los Angeles v. Los Angeles Gas Corporation, 251 U. S. 32, 38, 40 Sup. Ct. 76, 64 L. Ed. 121. If it was acting in the former capacity, it cannot be held. Harris v. District of Columbia (decided by the Supreme Court of the United States June 6, 1921) 256 U. S. 650, 41 Sup. Ct. 610, 65 L. Ed. 1146; Roth v. District of Columbia, 16 App. D. C. 323; Brown v. District of Columbia, 29 App. D. C. 273, 25 L. R. A. (N. S.) 98; District of Columbia v. Tyrrell, 41 App. D. C. 463; Coates v. District of Columbia, 42 App. D. C. 194.

[2] The difference in these capacities is well recognized, and has been often pointed out. Vilas v. City of Manila, 220 U. S. 345, 31 Sup. Ct. 416, 55 L. Ed. 491; New Orleans Gas Light Co. v. Drainage Commission of New Orleans, 197 U. S. 453, 25 Sup. Ct. 471, 49 L. Ed. 831; South Carolina v. United States, 199 U. S. 437, 26 Sup. Ct. 110, 50 L. Ed. 261, 4 Ann. Cas. 737; Vicksburg v. Vicksburg Waterworks Co., 206 U. S. 496, 27 Sup. Ct. 762, 51 L. Ed. 1155. When a municipality acts in its governmental capacity, it exerts its police power. Such a power is generally regarded as discretionary, because, in its nature, it is legislative, and although it is the duty of such corporations to carry out the power so granted and make it beneficial, "still it has never been held that an action on the case would lie against the corporation, at the suit of an individual, for the failure on their part to perform such a duty." Weightman v. Corporation of Washington, 1 Black, 39, 17 L. Ed. 52, cited with approval in Harris v. District of Columbia, supra.

[3] Appellant's wife was received and treated in the Asylum by the District in the exercise of its governmental or police power. Cities are not liable to prisoners for injuries sustained by reason of the negligence or carelessness of the officers in charge. 4 Dillon on Municipal Corporations, § 1656, and note. The maintenance of a jail is generally held to be a governmental function. McQuillin on Municipal Corporations, vol. 5, § 2431.

"The furnishing of aid to indigent persons and the care of those morally mentally or physically defective, are * * * duties which rest upon the

state and which can be classed as governmental in their character. In the carrying out of this function, an immunity is granted in respect to all acts or agencies." 3 Abbott on Municipal Corporations, p. 2247, § 969.

"For the acts and omissions of its officers and agents in the exercise of powers of the former class, such as * * * the power through its board of health or other agency to protect its inhabitants against disease and un-. sanitary conditions, and to care for the sick, * * * the city, like the state, is not liable to pay damages in civil actions." City of Winona v. Botzet, 169 Fed. 321, 94 C. C. A. 563, 23 L. R. A. (N. S.) 204.

Supporting a similar doctrine are Gilboy v. Detroit, 115 Mich. 121, 73 N. W. 128; Noble v. Hahnemann Hospital of Rochester, 112 App. Div. 663, 98 N. Y. Supp. 605; Hill v. Boston, 122 Mass. 344, 23 Am. Rep. 332; Loeffler v. Trustees of Sheppard & Enoch Pratt Hospital, 130 Md. 265, 100 Atl. 301, L. R. A. 1917D, 967; Weston, Administratrix, v. Hospital of St. Vincent de Paul (Va.) 107 S. E. 785.

Appellant admits that in maintaining the jail the District acts in its governmental capacity, and is not liable for the negligence of its employés. This being so, it must follow that the District is not responsible in the instant case, because in conducting the hospital it was acting in the same capacity—it was exerting its police power in caring for the sick. A number of authorities are brought to our attention in which municipalities were held responsible for the acts of their agents, but they all relate to cases arising from negligence in the proprietary or quasi private capacity of the municipalities; such, for instance, as negligence in failing to keep public roads, bridges, and sidewalks in proper condition. The point was not passed upon in McGraw v. District of Columbia, 3 App. D. C. 405, 25 L. R. A. 691, stressed by appellant. On the contrary, the court expressly refrained from doing so, and turned the case upon another question, although it intimated a view in consonance with those we have here expressed.

The court below was right, and its judgment is affirmed, with costs. Affirmed.