ALBERT EDWARD YOUNG, administrator, *vs.* CITY OF WORCESTER.

Worcester.   September 22, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Municipal Corporations*, Negligence in maintenance of hospital.  *Pleading, Civil*, Declaration.

The permissive maintenance by a municipality of a hospital is a matter of public service conducted exclusively and purely for the general and common good, and an action of tort cannot be maintained against the municipality for personal injuries resulting from gross negligence of the municipality or its servants or agents in the carrying on of the hospital.

In the declaration in an action of the character above described, the plaintiff alleged that the defendant was "grossly negligent in the supervision, attention and direction of its officers and agents, to whom were delegated the duty or trust to maintain, manage, inspect and operate said institution, and were wantonly careless in its failure to direct or correct its officers, agents or appointees in their delinquencies, which gross negligence and wanton carelessness caused" the injuries of which complaint was made.  *Held*, that the expression "wantonly careless" read with its context marked an intent of the pleader to charge the defendant with a degree of negligence greater than ordinary negligence, and did not comprehend with sufficient freedom from doubt a charge of "wilful, wanton, or reckless" conduct as those words are used in G. L. c. 229, § 5 (see now St. 1925, c. 346, § 9).

TORT with the declaration set out in full in the opinion. Writ dated February 25, 1924.

The defendant demurred to the declaration. The demurrer was heard by *Burns*, J., and was sustained. The plaintiff appealed.

*W. C. Mellish*, City Solicitor, for the defendant.

*E. A. Ryan*, for the plaintiff.

PIERCE, J.   The case is before this court on an appeal from an order of the Superior Court sustaining the demurrer of the defendant to the declaration which follows:

"Count 1.   The Plaintiff says that he is the duly appointed administrator of Marion M. Young, deceased, who was killed January 13, 1924, by a defective elevator in the Worcester City Hospital.   The plaintiff says, that, at the time of the acts and doings hereinafter set forth, the defendant was and is a Municipal Corporation, duly established by law in the County of Worcester, and was duly authorized by Statute, to accept, administer and carry out a certain trust for the operation of an institution in said Worcester, namely the Worcester City Hospital; that it undertake [*sic*] to so control and maintain and administer this hospital trust.

"The plaintiff says that the defendant Corporation, in the acceptance and exercise of this trust, selected and appointed a Board of Trustees to direct and administer said Trust.   And, that it elected, selected and appointed its Superintendent of Buildings and his assistants, to supervise, maintain and inspect the operation of all elevators, installed in said institution.   That, it was the duty of the defendant corporation to use due care and diligence in the selection and direction of said municipal agents and trustees as reasonable, capable, efficient and qualified men to exercise said offices and positions.   That it was the further duty of the defendant Corporation to reasonably supervise, direct and correct the work of said officers and agents.

"That, in respect to the reasonable and careful performance of its duty as above described, the defendant Corporation was negligent and careless.   The negligence of the defendant and its careless disregard of its duty caused the death of the deceased, whose life was crushed out while a passenger on an elevator in said Hospital.

"Count 2.   That the defendant Corporation was grossly negligent in the supervision, attention and direction of its officers and agents, to whom were delegated the duty or trust to maintain, manage, inspect and operate said institution

and were wantonly careless in its failure to direct or correct its officers, agents or appointees in their delinquencies, which gross negligence and wanton carelessness caused the death of said Marion M. Young by being crushed in an elevator installed in said City Hospital.

"Both Counts for $5,000.00."

The demurrer in nine assignments of reasons sets forth that the matters in counts one and two of the declaration do not constitute a cause of action. The plaintiff very properly concedes "he has no right to recover in damages for the death of his intestate, caused by the negligence of the municipality's agents or servants."

The maintenance of the Worcester City Hospital by the defendant, while permissive, is a matter of public service conducted exclusively and purely for the general and common good. In some cases the statutes enjoin such service upon cities and towns, and in others permit it. When such service has been entered upon, there is no good reason why a liability to private action should be imposed when a town or city voluntarily enters upon such a beneficial work, and withheld when it performs the service under the requirements of an imperative law. *Hill* v. *Boston,* 122 Mass. 344. *Tindley* v. *Salem,* 137 Mass. 171, 176. "If there is negligence in the management of the business or in doing the work, it is that of the person or persons who represent the city. While it is reasonable that these individuals should be held liable for their negligence to anyone injured by it, (see *Moynihan* v. *Todd,* 188 Mass. 301,) it is not thought to be reasonable that a municipality or a public officer, who is engaged upon a public work conducted for the benefit of the people and not for gain, should be held liable for the negligence of his [its] servants or agents under the doctrine of *respondeat superior.*" *Kerr* v. *Brookline,* 208 Mass. 190, 191. *Bolster* v. *Lawrence,* 225 Mass. 387, and cases collected. *Benton* v. *Boston City Hospital,* 140 Mass. 13, 17. *Kidd* v. *Massachusetts Homœopathic Hospital,* 237 Mass. 500.

The plaintiff, however, contends that there is a distinction between gross negligence and negligence, and that the admission of gross negligence by the demurrer removes this

case from the field covered by the decisions. It is settled in this Commonwealth that there may be degrees of negligence, one of which, denominated "gross negligence," is substantially higher in magnitude than simple inadvertence, but falls short of intentional wrong (*Altman* v. *Aronson*, 231 Mass. 588); though it is something less than wilful, wanton and reckless conduct which makes a defendant liable for a trespasser. *Banks* v. *Braman*, 188 Mass. 367. *Massaletti* v. *Fitzroy*, 228 Mass. 487. The principle which exempts municipalities from responsibility for injuries received in consequence of a negligent or defective performance of a public service is of equal pertinency when the negligent act is greater in culpability than is ordinarily imputed to negligent conduct. The expression "wantonly careless" read with its context marks an intent of the pleader to charge the defendant with a degree of negligence greater than ordinary negligence, and does not comprehend with sufficient freedom from doubt a charge of "wilful, wanton or reckless" conduct as these words are used in G. L. c. 229, § 5, (see now St. 1925, c. 346, § 9,) to distinguish acts which differ in kind from negligent acts whatever be their degree. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 271. *Freeman* v. *United Fruit Co.* 223 Mass. 300.

It results that the order sustaining the demurrer should be affirmed.

*So ordered.*