## ROWAN v. CITY OF GALVESTON.

(District Court, S. D. Texas, at Galveston. June 5, 1926.)

### No. 831.

**1. Municipal corporations ⬤⟹733(3).**

City, operating street lights, but not conducting light plant for profit, or selling light to inhabitants, is engaged in proprietary rather than governmental business as respects liability.

**2. Courts ⬤⟹365.**

Federal District Court, considering a local matter, is bound to follow state Supreme Court rather than general common law.

**3. Courts ⬤⟹370—Federal District Court, considering local matter, is not bound to follow foreshadowed views of Supreme Court of state or United States, but free to announce its own view.**

Federal District Court, considering a local matter not precisely determined by any decision of Supreme Court of the state or the United States, is not bound to follow views foreshadowed by either court, but may announce its own view.

Action by Rosa Rowan against the City of Galveston, submitted on preliminary law question. Decision for plaintiff.

Howth, Adams & Hart, of Beaumont, Tex., for plaintiff.

13 F.(2d)—17

Bryan F. Williams, City Atty., of Galveston, Tex., for defendant.

HUTCHESON, District Judge. This case has been submitted to me on the preliminary law question whether a cause of action can be laid against the city of Galveston on account of damages arising from the operation by the city of street lights, where the city does not conduct a light plant for profit or sell light to its inhabitants.

[1] While the matter is not free from doubt, but is, on the contrary, involved in doubt, I have reached the tentative conclusion that the principles announced by the Supreme Court of Tennessee in Saulman v. City of Nashville, 131 Tenn. 427, 175 S. W. 532, L. R. A. 1915E, 316, Ann. Cas. 1916C, 1254, are correct, and that the city in this case, under those principles, is engaged in a proprietary rather than a governmental business. That this ought to be the law I have not, and never have had, any doubt. The vacillation and confusion exhibited in the opinions of the courts of the different states, and of the same state, relative to this question of whether an activity is proprietary or governmental, illustrate the difficulties into which courts fall when they try to rest a decision upon an insufficient principle.

While there was a clear justification of the holding, as applied to the ordinary activities of police and fire department, that these were governmental and not proprietary, and that the city ought not to be charged with the acts of those persons as its agents, there never was any reason for extending that doctrine to streets, as in some states, notably Michigan and the District of Columbia (see Harris v. District of Columbia, 256 U. S. 651, 41 S. Ct. 610, 65 L. Ed. 1146, 14 A. L. R. 1471), and specifically, there never was any reason for extending the doctrine, even to police, fire, schools, and other such public activities, when complicated and dangerous instrumentalities are used by the city in connection with those functions.

In this regard the Supreme Court of Pennsylvania has correctly stated the law in Herron v. City of Pittsburg, 204 Pa. 513, 54 A. 312 (93 Am. St. Rep. 798), as follows: "It is the duty of all parties using a highly dangerous agent to use care commensurate with the danger, in order to prevent injury to persons or property exposed to its influence. * * * Cities are not excepted from the rule, and the fact that the agent is used or supervised under the police power does not excuse negligence in such use. Mooney v. Luzerne

Borough, 186 Pa. 161, 40 A. 311, 40 L. R. A. 811."

Realizing the justness of this principle, and yet trammeled with the difficulty of distinguishing between proprietary and governmental activities as such, courts have been put to all sorts of expedients to find liability, in some cases basing or refusing liability upon the question of whether or not the city receives return for services or gives them gratis; in other cases, upon whether or not the service would redound to the pecuniary benefit of the city, by exempting or protecting it from suits for damages; and in other cases, upon whether or not the city was engaged in these activities with or without authority from the Legislature.

I have had considerable difficulty in reaching my tentative opinion in this case, not because of any doubt of what the law ought to be, because I think that is clear, but because I am of the opinion that, if I am bound to follow the lead of the Supreme Court of the United States in Harris v. District of Columbia, 256 U. S. 651, 41 S. Ct. 610, 65 L. Ed. 1146, 14 A. L. R. 1471, I would be compelled, though I do not agree with its decision, to decide in favor of the defendant.

[2] Whether I am bound by the implication of that opinion is the point of great difficulty here. It is clear that, had the Supreme Court of Texas decided this precise question, I would be bound to follow it, as this matter is one of local, rather than of general, common law. Since neither the Supreme Court of the United States nor the Supreme Court of Texas have passed upon the precise question at bar, I am not precluded by any definite decision, and it is between the contention of plaintiff that I should follow what the Supreme Court of Texas has foreshadowed, and of the defendant that I should rather go as the Supreme Court of the United States has foreshadowed its decision, that I have found my difficulty.

[3] I have concluded that I am not bound by the decision of either of these courts; that I have a right in this case to announce my own view of the law; and I am strengthened in that position by the view that, notwithstanding the obiter expressions of the Court of Civil Appeals in City of Greenville v. Branch, 152 S. W. 478, the Supreme Court of Texas would in this matter, if it had been presented to it, have disposed of it as I have now decided.

Upon these considerations, I have concluded to announce my view as favorable to plaintiff, and adverse to the defendant on the point involved.