RICHARD ROBEY, by EDWARD I. ROBEY, His Guardian ad Litem, and EDWARD I. ROBEY, Appellants, v. THE JEWISH HOSPITAL OF BROOKLYN, Respondent. BURTON SEKULER, by GEORGE SEKULER, His Guardian ad Litem, and GEORGE SEKULER, Appellants, v. THE JEWISH HOSPITAL OF BROOKLYN, Respondent.— In two actions to recover damages for the alleged negligence of the defendant in admitting to the defendant hospital the mothers of the infant plaintiffs immediately prior to their birth and during the course or progress of a malady affecting infants within the institution, without notice to the expectant mothers of such condition, judgment dismissing the complaints reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. In our opinion, the status of the defendant as a charitable or non-profit-making hospital does not relieve it from liability for the negligence which is alleged. Such negligence was of an administrative rather than a medical character, and for such negligence the defendant is liable. (*Sheehan* v. *North Country Community Hosp.*, 273 N. Y. 163; *Hendrickson* v. *Hodkin*, 276 id. 252.) Plaintiffs made out a *prima facie* case. The proof shows that a malady affecting infants at the institution had existed, and that such malady finally resulted in the closing of the obstetrical division in June, 1935. With respect to the infant Sekuler, whose mother was admitted to the defendant hospital on March 21, 1935, it was shown that as early as January 5, 1935, an infant at the hospital had manifested symptoms similar to those of the infants affected by the malady. It was error to exclude proof of the ailing condition of another child at that time, as observed by the witness Stein. The pediatrician in chief of the defendant testified that in his opinion the outbreak occurred about the latter part of March or the last week in March, 1935, and that the date is difficult to state because of the insidious onset of the condition. This imports the illness of other infants similarly affected prior to that time, and would enable a jury to find that the condition was ascertained immediately after the middle of March. With respect to the Robey infant, the proof is ample that at the time of the admission of his mother on April 25, 1935, the defendant knew of the existence of the malady. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.

MARY A. ROCHE, Appellant, v. FRANK J. ROCHE, Respondent.— Order denying plaintiff wife's motion for an order to increase alimony payments from the rate of twenty dollars a week to thirty dollars a week reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, directing defendant to pay to plaintiff as alimony the sum of thirty dollars a week commencing as of the 1st day of January, 1938, without costs. In view of defendant's improved financial situation, the increase in alimony is not unreasonable. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.