MARY L. ENGELS, Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Kings County, June 9, 1938.

*Otto B. Schmidt* [*William S. Butler* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Arthur R. Callahan* of counsel], for the defendant.

CUFF, J.   This is an action against the city of New York for personal injury, which was tried before the court and a jury in Part V, Kings county.   A verdict was returned in favor of the plaintiff for $5,000, which the defendant moved to set aside on the ground that at the time of the happening of the accident the city was immune from liability because it was then performing a governmental function.   A similar motion was made to dismiss the complaint at the end of plaintiff's case and again at the end of the whole case.   Decision was reserved on each motion.

Plaintiff was injured in the Kings County Hospital while alighting from an elevator.   The hospital is owned and conducted by defendant.   The elevator was operated by a city employee.   Plaintiff claimed that her injury resulted solely because of the negligence of defendant.   The jury so decided.   May the city avoid the responsibility for its actionable negligence by invoking the non-liability rule, which was pleaded as a defense?

The jury found among other facts (1) that plaintiff sustained her injury while visiting her sister, who at the time was a patient in the Kings County Hospital, paying for the service which she was receiving; (2) that as to that patient the hospital was being conducted for profit, and (3) that at the time of the accident, in so far as plaintiff was concerned, the city was not rendering a public or governmental service but was exercising its proprietary or corporate powers.

To sustain its defense the city proved, basing its figures on the previous fiscal year, that the cost of maintaining the hospital amounted to about three million dollars while the receipts were slightly over one hundred thousand dollars. On that showing alone the city sought a dismissal of the complaint and now asks that the verdict be set aside. Its theory is that the proof offered, not being contradicted, establishes as a matter of law the defense of governmental function.

There can be no dispute that caring for the sick, as a general proposition, is a governmental function (4 Dillon on Municipal Corporations [5th ed.], § 1661.) This particular case, however, presents a situation somewhat different from the usual case. Plaintiff claims that defendant, while furnishing hospitalization to her sister, was engaged in an enterprise for gain and as a consequence owed certain duties to the patient and her visitors. It was not plaintiff's obligation to prove the latter proposition. The defense alleged had to be established by the city by a fair preponderance of the evidence. The question, therefore, is was that defense proved merely by showing that in maintaining Kings County Hospital the costs exceeded the receipts for a period of one year?

One immediately asks, why take a year? Why not take a month, a week, five years or the lifetime of the institution? Then again, is it right to list on the cost side all of the expenditures made to maintain a great and extensive institution like Kings County Hospital with its numerous interests? Why use the hospital as a basis? Why not take into account the whole hospital department of the city of New York? It is the city, not the hospital, that is the defendant. Why not take a part of the institution? Must the whole be considered in setting up the figures just because some public official has ordained that all the activities at the institution shall be included under the name " Kings County Hospital? " Next month another official may change that and have two or a dozen names for the same buildings now embraced in Kings County Hospital. In that event would each building bearing an individual name be used as a basis for determining the question

of profit or non-profit for the service rendered by the city? I do not think that the proof offered by the city proved the defense urged. I submitted it to the jury nevertheless.

No one will contend that if a city conducts an activity for profit, it is performing a governmental function. The city enjoys both powers — proprietary or private and governmental or public. It may exercise those two powers under the same roof — in one institution.

In this case the city offered service for a consideration. This service included among other things a charge for " surgical service." It billed the patient and was paid. The money received for that item of the bill was not passed on to the member of the medical profession who performed the service. On the contrary, the city retained it for its own use. Because the patient whom plaintiff visited had met with an accident, she was classified as a " liability patient," which meant that she was charged more for what she received than would have been asked of a patient whose ailments had not had their inception in an accident. The city's witness explained the policy of the city. He said that in view of the fact that a " liability patient " might recover some money in a law suit, the city added an amount to the charge usually made, and if not paid, filed its claim in the suit when brought. (See Lien Law, § 189.)

The city was given the power to erect the Kings County Hospital (Gen. Mun. Law, § 126), and also the power to charge a patient therein who is found to be able to pay " for his care and treatment." (Id. § 130.) The charges that the city makes, however, must not " exceed the actual cost of maintenance." (Id. § 130.) In this case the patient was charged and she paid $1,005. The items of her bill consisted of:

| | |
|---|---:|
| " 145 days, @ $4.50 | $652 50 |
| Operating room fee | 15 00 |
| 1 Anasthesia | 20 00 |
| 11 Laboratory tests | 23 00 |
| Ambulance Service | 10 00 |
| X-rays | 135 00 |
| Surgical Services | 150 00 |
| | $1,005 50 " |

(See Plaintiff's Exhibit 2.)

No one was called to testify that with respect to those charges, the amount she paid was more than equal to or less than the actual cost. Suppose the city enjoyed a profit on her case, is

the city's duty to her and her visitors the same as the duty it owed to those patients who paid nothing?  I think not.

There may have been an obligation — a public duty — resting upon the city to treat and care for patients with no funds, but there was no such obligation upon it where the patient, like plaintiff's sister, was able to and did pay.  There were plenty of private hospitals to which that patient (plaintiff's sister) could have gone for treatment.  The city could have declined to receive her in its institution.

With reference to charges for service, it seems that the city treats different patients that come into its hospitals in different ways.  Therefore, when the city defends on the ground that it was discharging a governmental function when plaintiff was a visitor, the circumstances surrounding each accident, including the charges made to the patient visited, should be carefully examined.  Only in that way may it be known which of its powers the city was exercising in a given case.  Merely grouping all receipts and all expenses and claiming non-liability because the latter exceed the former is not meeting the obligation of establishing the immunity defense.  The period of time used as a basis as well as the list of receipts and expenses must be arrived at in a logical and reasonable manner.  It must be remembered that the city was not obliged at its peril to maintain a hospital in which it made charges for service.

Counsel for plaintiff, with force and skill, argues that the doctrine of governmental function is inapplicable in this case.  It is not that the court is not impressed by that argument that no comment is made.  Taking the view that operating an elevator is an administrative duty and thus not exempt (*Robey* v. *Jewish Hospital of Brooklyn*, 254 App. Div. 874) would sustain counsel's contention.  *Dorfman* v. *City of New York* (N. Y. L. J. Jan. 15, 1938, p. 240) holds to the contrary, however.  I consider that even if the defense were available, the city's proof has failed.

I submitted this case to the jury on the theory that to determine whether or not the city was discharging a governmental function it should consider the individual case of plaintiff's sister.  I left for the jury the question of whether or not the city was engaged in discharging a public function.

Defendant urged the court at the trial to rule as a matter of law that the public function defense was proved.  The request was refused.  I declined to submit the question of public function to the jury by allowing them to consider all the expenses and receipts of Kings County Hospital for a year.  As stated previously in

this memorandum, that wholesale treatment of the subject, throwing in all the costs of all the activities at Kings County Hospital and arbitrarily selecting one year for the duration of time in which to make the balance, was not establishing the defense that it pleaded, in view of all the circumstances in this case.

*Dorfman* v. *City of New York* (N. Y. L. J. Jan. 15, 1938, p. 240), cited by defendant, is not applicable because in that case, although the accident was similar and it occurred in the same hospital, the issue of profit-making by the city was not raised.

The motions to dismiss the complaint are denied. The jury's verdict that the city was not discharging a public function is supported by the evidence. The defense of public function was not maintained. The motion to set aside the verdict is denied. Enter the judgment for plaintiff.