MARIE L. ENGELS, Respondent, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for injuries sustained in an elevator accident. Judgment affirmed, with costs. No opinion. Lazansky, P. J., Carswell and Johnston, JJ., concur; Adel, J., with whom Taylor, J., concurs, dissents and votes to reverse and grant a new trial, with the following memorandum: Plaintiff's sister was a patient in the hospital, and plaintiff had gone there to carry something to her. She was on the way to the first floor, her errand having been performed, when the elevator in which she was riding stopped at that floor and let off some passengers, then started up again without warning. Plaintiff had one foot out of the car and was so placed that on resumption of motion by the car she was caused to fall, sustaining injuries. Under these circumstances, the defendant, at the time being engaged in a governmental function, is not liable. (*Nichitta* v. *City of New York*, 223 App. Div. 428; affd., 250 N. Y. 530.) The fact that the city exacted a fee from some patients, though not from all, does not in any degree impair its freedom

from liability. (*Hughes* v. *County of Monroe*, 147 N. Y. 49; *Browder* v. *City of Henderson*, 182 Ky. 771; 207 S. W. 479; *City of Dallas* v. *Smith*, 130 Tex. 225; 107 S. W. [2d] 872; 6 McQuillin on Municipal Corporations [2d ed.], § 2840, at p. 1170.) The right to invoke the defense of immunity is not waived by the amendment to the Court of Claims Act. (§ 12-a, added by Laws of 1929, chap. 467, as amd. by Laws of 1936, chap. 775, in effect May 28, 1936.) That statute shows the intention to bind the State, but it does not follow that the Legislature intended that it should be applied to the State's delegates as well. In the absence of language clearly bringing them within its scope, municipalities, in conducting government functions, are not included within the statute. Statutes in derogation of the sovereignty of a State must be strictly construed and a waiver of immunity from liability must be clearly expressed. (*Smith* v. *State of New York*, 227 N. Y. 405, 410, citing *Litchfield* v. *Bond*, 186 id. 66, 83.) The judgment cannot be sustained on the theory that the accident happened by reason of the nuisance maintained by the defendant. That cause was not pleaded and was not submitted to the jury. The judgment should be reversed and a new trial granted to enable the plaintiff to amend the complaint if she be so advised. [168 Misc. 753.]