Stella **CALOMERIS**, Administratrix of the Estate of Harry Calomeris, Plaintiff,

v.

**DISTRICT OF COLUMBIA, Defendant.**
Civ. A. No. 3520–54.

United States District Court
District of Columbia.
Oct. 29, 1954.

Vernon E. West, Corp. Counsel for Dist. of Columbia, Milton D. Korman, Asst. Corp. Counsel, and Lyman J. Umstead, Asst. Corp. Counsel, Washington, D. C., for the motion.

Charles S. Sures, Washington, D. C., opposed.

HOLTZOFF, District Judge.

This is an action against the **District** of Columbia to recover damages **for** wrongful death claimed to have resulted from the alleged negligence of the staff of the District of Columbia General Hospital, a public institution maintained by the defendant, in which the deceased was a patient. The defendant moves to dismiss the complaint on the ground that in maintaining and operating the hospital, the District of Columbia was performing a governmental function and, therefore, is immune from suit for damages arising in the course of this activity.

Government immunity from suit is an obsolescent and dying doctrine. The United States waived its immunity to suit in tort by the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). Although the District of Columbia is Federal area and its government has been created by the Congress, nevertheless, for some reason the District of Columbia, either intentionally or inadvertently, was not included in that statute. Consequently, such immunity as the District of Columbia previously possessed still persists. An inherent injustice seems to be lurking in the difference in tort liability between the United States and the District of Columbia. For example, it seems unfair and incongruous that a person who is struck by an army ambulance or a Veterans' Administration ambulance, can recover damages from the United States, if the driver was negligent, but that a person struck by a District of Columbia ambulance has no recourse, except the dubious right to sue the driver, who may not be financially responsible. The Congress alone can provide a remedy by a simple amendment to the Federal Tort Claims Act to include the District of Columbia.

The archaic rule that a municipal corporation is immune to suit for negligence occurring in the performance of a governmental function, but is liable if it is fulfilling a function of a proprietary character, prevails in the District of Columbia. The decisions are divided on the question whether in maintaining and operating a public hospital, a municipality is acting in a governmental or proprietary capacity. The weight of authority adopts the former view. Among the many jurisdictions that hold that the maintenance and operation of a hospital is a Governmental function are Alabama,[1] Massachusetts,[2]

1. Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542.

2. Young v. City of Worcester, 253 Mass. 481, 149 N.E. 204.

Minnesota,[3] New York,[4] Ohio,[5] Texas,[6] and Virginia.[7] In a few jurisdictions, notably England,[8] Florida,[9] and Alaska,[10] a municipal corporation is held liable for negligence in connection with the operation of a hospital. The District of Columbia many years ago adopted the majority view.[11]

The differentiation between governmental and proprietary functions of municipalities is far from clear and is not always consistent throughout, but as has been observed by Mr. Justice Holmes, "The law is always approaching, and never reaching, consistency. It will become entirely consistent only when it ceases to grow."[12] Thus while the operation of a hospital and the activities of the Health Department generally are deemed to be governmental functions,[13] the opposite is true of the paving and cleaning of streets, and the District of Columbia is liable for negligence in the performance of the last-mentioned duties.[14] The construction and maintenance of sewers are held to constitute a proprietary function,[15] and yet the operation of a sprinkler system for children's pleasure is regarded as being within the governmental sphere.[16] Similar illustrations might be multiplied at length. It is obviously difficult to chart a definite course or to deduce a governing principle from this welter of decisions. This court, however, must deem itself bound by the ruling in Jones v. District of Columbia, 51 App.D.C. 319, 279 F. 188, which precludes a recovery in this instance.

The allegation that the deceased was a paying patient is immaterial. Although there are a few cases that distinguish between paying and charity patients in this respect, the majority of the authorities, some of which have already been cited, properly preclude such a line of demarkation. It would seem abhorrent to conclude that a municipality is to be held to a greater degree of diligence to a patient who pays for his care in whole or in part, than to a poor person who is unable to pay anything. Moreover, such a distinction was repudiated in President and Directors of Georgetown College v. Hughes, 76 U.S. App.D.C. 123, 130 F.2d 810, which held that a charitable corporation is liable for negligence both to paying and free patients. The converse should follow in respect to a municipality.

Under the circumstances, much to its regret the court has no alternative but to grant the motion to dismiss the complaint. The court ventures the suggestion that the entire subject of immunity of the District of Columbia to suit in tort is worthy of the attention of the Congress, and that the question whether the operation of a hospital constitutes a governmental or a proprietary function

3. Gilles v. City of Minneapolis, D.C., 66 F. Supp. 467.

4. Engels v. City of New York, 281 N.Y. 650, 22 N.E.2d 481, affirming 256 App. Div. 992, 10 N.Y.S.2d 641; affirming 168 Misc. 753, 6 N.Y.S.2d 436.

5. Lloyd v. City of Toledo, 42 Ohio App. 36, 180 N.E. 716.

6. City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872.

7. City of Richmond v. Long's Adm'rs, 17 Grat. 375.

8. Gold v. Essex County Council, 1942, 2 K.B. 293.

9. City of Miami v. Oates, 152 Fla. 21, 10 So.2d 721.

10. Tuengel v. City of Sitka, 9 Cir., 118 F. Supp. 399.

There appear to be no reported decisions on this point in Maryland, from which the District of Columbia derives its common law.

11. Jones v. District of Columbia, 51 App. D.C. 319, 279 F. 188.

12. Holmes, Common Law, p. 36.

13. Jones v. District of Columbia, supra. Coates v. District of Columbia, 42 App. D.C. 194.

14. Barnes v. District of Columbia, 91 U.S. 540, 23 L.Ed. 440; Harris v. District of Columbia, 256 U.S. 650, 41 S.Ct. 610, 65 L.Ed. 1146.

15. Koontz v. District of Columbia, 24 App. D.C. 59.

16. Tillman v. District of Columbia, 58 App. D.C. 242, 29 F.2d 442.

might well be presented again to the Court of Appeals for possible reconsideration.

Motion to dismiss the complaint granted.