Robert GRAHAM and Susie Graham,
Appellants,

v.

DISTRICT OF COLUMBIA and Captain
Robert S. Shuttleworth.

No. 23298.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 29, 1970.

Decided Aug. 10, 1970.

Mr. Clement Theodore Cooper, Washington, D.C., for appellants.

Mr. Ted D. Kuemmerling, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Charles T. Duncan, Corporation Counsel at the time the brief was filed, Hubert B. Pair, Acting Corporation Counsel at the time the brief was filed, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee. Mr. Lewis D. Clarke, Asst. Corporation Counsel, also entered an appearance for appellee District of Columbia.

Before LEVENTHAL, ROBB and WILKEY, Circuit Judges.

PER CURIAM:

This is a civil action based on injuries sustained when plaintiff Robert Graham was arrested for drunkenness in April 1965, and taken to the Ninth Precinct Stationhouse, where he was placed in a crowded cell where another prisoner attacked him with a brutal assault. The complaint's allegations include the making of a wrongful arrest, in that plaintiff was not drunk; placing him in a crowded cell; failure to patrol the cell at reasonable times; failure to respond to his cries for help to prevent further attacks.

On a motion to dismiss based on the doctrine of sovereign immunity, plaintiff argued that this doctrine was not part of the common law received in the American colonies prior to 1776, and that the defense of sovereign immunity should be abrogated as a defense available to the District of Columbia Government.

 The trial judge dismissed the complaint on the ground that the District of Columbia Government is not liable for damages sustained as a result of negligence in performance of a governmental function, and that maintaining the police department and the prisons are governmental functions. The doctrine invoked by the trial judge is plainly inconsistent with our subsequent opinion in Spencer v. General Hospital, 138 U.S.App.D.C. 48, 425 F.2d 479 (en banc, 1969), which carried forward, with elaboration, the approach set forth in Elgin v. District of Columbia, 119 U.S.App.D.C. 116, 337 F.2d 152 (1964).

In the alternative the District argues that the District is not liable in damages because the negligent acts alleged in the complaint relates to matters that are "discretionary." The record before us does not permit the final disposition sought by the District. Under the *Spencer-Elgin* doctrine the fact that an alleged tort was committed by a private or a supervisor in the police department does not insulate the District from liability. *See* Thomas v. Johnson, 295 F.Supp. 1025 (D.D.C.1968). The complaint sets forth only the allegations of ultimate facts, as is permitted by modern pleading. The contention that a case involves the kind of discretionary function that permits a defense of sovereign immunity requires a particularization of the kind of activity involved beyond that available from such allegation of ultimate facts. Depending on the kind of case involved the particularity may be obtainable pursuant to motion or discovery. If it is not developed until trial the defense of sovereign immunity will be closely akin to a motion for a directed verdict on the merits, on the

ground that the proof does not support granting of relief against the municipality.

We do not undertake to foresee or spell out what procedural development may be appropriate for the case at bar. It suffices to say that the judgment is vacated, and the cause remanded for further proceedings, which remand will include leave for amendment of the complaint as well as for pursuit of such procedures as may be sought by defendant. Insofar as the possible defense of sovereign immunity is concerned, any further proceedings should be responsive to the *Spencer* doctrine.

Reversed and remanded.